**Alexandria**

MARTIN SANTOS CRUZ

v.

COMMONWEALTH OF VIRGINIA

No. 1067-89-4

Decided June 18, 1991

COUNSEL

Clayton B. Tasker, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—Martin S. Cruz was convicted by a jury of entering a dwelling house in the nighttime, while armed with a deadly weapon, with the intent to commit rape in violation of Code § 18.2-90. In this appeal, Cruz contends that the evidence was insufficient to support his conviction because one day earlier, while Cruz was burglarizing the same house, the victim had suggested that he leave and return the next evening. We affirm Cruz' conviction, finding that the evidence was sufficient to establish a constructive breaking, since the suggestion that he return was obtained by threats of impending violence to the victim.

The evidence at trial showed that in the early morning hours of August 22, 1987, Cruz climbed through a window in the victim's apartment and confronted her with a knife. He told her that he wanted "some love." The victim testified that she was very frightened, and in an effort to get him to leave, suggested that he return the next evening. She further testified that Cruz then forced her to have sexual intercourse with him and left. The victim called the police and vacated her apartment. The next evening, Officer Morash of the Alexandria Police Department arrested Cruz, who was again armed with a knife, after he climbed through the victim's kitchen window.

■ "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Servis v. Commonwealth*, 6 Va. App. 507, 523-24, 371 S.E.2d 156, 164 (1988).

Cruz argues that the evidence was insufficient to convict him of burglary on the second evening because the victim suggested that he return. He contends that his entry through her window the second evening was consensual, and thus, no breaking occurred. Cruz

also argues that when he returned on the second evening, he believed the victim had invited him to come back to have sexual intercourse, and therefore, he did not have an intent to commit rape. In response, the Commonwealth argues that since the victim invited Cruz to return under circumstances of fear and intimidation, her statements were not voluntary and, therefore, the jury was entitled to find that she had not consented to having him return.

We find sufficient evidence in the record to support the jury's verdict on the August 23, 1987 charge. First, the evidence was sufficient to establish the element of breaking. "Breaking, as an element of the crime of burglary, may be either actual or constructive. A constructive breaking occurs when an entrance has been obtained by threat of violence, by fraud, or by conspiracy." *Johnson v. Commonwealth*, 221 Va. 872, 876, 275 S.E.2d 592, 594 (1981).

In the case before us, the evidence presented to the jury included the victim's testimony that she was very frightened when she saw Cruz inside her apartment at night while armed with a knife. Further, the victim testified that she told Cruz he could return the next night in an effort to get him to leave. From this testimony, the jury could have reasonably concluded that the victim's suggestion that Cruz return the next night was obtained by Cruz' threat of violence. Cruz had already told the victim that he wanted "some love," while holding a large knife in one hand. This occurred after she awakened in the night and found him in her bedroom. Thus, since the evidence established that the victim's suggestion to Cruz was directly preceded by a threat of violence, the jury was entitled to find that the victim had not consented to Cruz' return and that a breaking had occurred. *Id.; see Clarke v. Commonwealth*, 66 Va. (25 Gratt.) 908 (1874).

We also find that the jury received sufficient evidence from which it could find that Cruz entered the victim's dwelling on August 23, 1987 with the intent to commit rape. He returned that night through the kitchen window, again armed with a large knife. The jury was also entitled to consider the events of the preceding night for the limited purpose of determining Cruz' intent on the evening of August 23, 1987. *See Foster v. Commonwealth*, 6 Va. App. 313, 323, 369 S.E.2d 688, 694 (1988). That evidence showed that Cruz, in fact, had forced the victim to have sexual inter-

course at knifepoint. We find that the foregoing evidence, viewed as a whole, was sufficient to support the jury's verdict regarding intent to commit rape.[1]

For the reasons stated, we affirm Cruz' conviction.

*Affirmed.*

Duff, J., and Willis, J., concurred.

---

[1] Cruz also argues that the burglary charge of August 23, 1987 was "highly prejudicial, unwarranted and unjustified." We do not consider this argument, however, since it was not raised in the petition for appeal and no appeal was granted by this Court on that issue. Rule 5A:12(c).