COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DAVID S. HUDSON

v.          Record No. 1012-94-1          OPINION BY
                                       JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                OCTOBER 24, 1995


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                 Fred W. Bateman, Judge Designate

            R. Bruce Long for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



     David Hudson was convicted in a bench trial of operating a

vehicle while under the influence of alcohol based on the results

of a blood test.  Hudson claims that the blood test as

administered did not meet the statutory procedural requirements

and therefore the results should be inadmissible.  We agree with

this contention and for the following reasons reverse the

conviction.

     Hudson was observed driving erratically and was stopped by a

police officer.  Being advised of Virginia's implied consent law,

Hudson elected a blood test and was driven to a nearby hospital.

 The arresting officer testified that the nurse cleaned Hudson's

arm with a "benadine solution."

     The Code requires that when the Commonwealth draws blood for

the purposes of an alcohol or drug test, the part of the body

from which the blood is taken must be cleansed with "soap and

water, polyvinylpyrrolidone iodine or benzalkonium chloride."
Code § 18.2-268.5. The record in this case states that
"benadine" was used to clean appellant's arm.

Substantial compliance with the statutory requirement is
sufficient to render test results admissible. Code
§ 18.2-268.11. However, nothing in the record supports the
argument that using "benadine" substantially complies with the
statute. Benadine is an unknown solution. No evidence was
presented as to the chemical properties of benadine. The
Commonwealth never addressed the possibility that "benadine" was
anything else, or that the appellation was made in error. Absent
such evidence, a finding of substantial compliance cannot be
supported.

When the Commonwealth fails to meet its statutory
requirements concerning blood tests, the results of those blood
tests cannot be admitted at trial. Thurston v. City of
Lynchburg, 15 Va. App. 475, 481, 424 S.E.2d 701, 704 (1992).
Without the results of the blood test, the conviction must be
reversed.

Reversed and dismissed.