COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


LESTER LYNN LEONARD
                                    MEMORANDUM OPINION*
v.        Record No. 2089-96-2    BY JUDGE JOSEPH E. BAKER
                                       JUNE 3, 1997
COUNTY OF SPOTSYLVANIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                 William H. Ledbetter, Jr., Judge

            Carroll E. Smith for appellant.

            John C. Bowers (William F. Neely,
            Commonwealth's Attorney, on brief), for
            appellee.


     Lester Lynn Leonard (appellant) appeals from his bench trial

conviction by the Circuit Court of Spotsylvania County for

driving under the influence of alcohol in violation of County

Ordinance § 12-86, which parallels Virginia Code § 18.2-266.  The

sole issue presented by this appeal is whether the trial court

erred when it denied appellant's motion to suppress the

certificate of blood alcohol analysis tendered by the

prosecution.[1]

     Appellant and Corporal T.G. Benton of the Spotsylvania

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]In appellant's petition for appeal, he raised only this
issue.  In his brief, appellant raises additional issues.  Rule
5A:12(c) provides that "only questions presented in the petition
for appeal will be noticed by the Court of Appeals."  See Cruz v.
Commonwealth, 12 Va. App. 661, 664, n.1, 406 S.E.2d 406, 407 n.1
(1991).  We did not grant appellant an appeal on the additional
issues raised in his brief and will not address them.

County Sheriff's Department gave conflicting statements on the issue appellant deemed relevant. Appellant asserts that he consented to take a breath test as provided in Code § 18.2-268.2 and was taken to the County Sheriff's office where a breathalyzer was usually available. However, it was determined that the breathalyzer was malfunctioning, and a valid test could not be administered. Appellant testified that he was then transported to a magistrate where Benton obtained an arrest warrant.

Corporal Benton confirmed that the breathalyzer in the sheriff's office was malfunctioning but declared that, to the best of his recollection, he then took appellant to the Fredericksburg police station where he administered an accurate test which revealed appellant's blood alcohol concentration of 0.11. He testified further that he then appeared before the magistrate and obtained the arrest warrant. However, the arrest warrant contains a "time issued" of 12:34 a.m., and the certificate of analysis discloses a "time sample taken" of 1:08 a.m. Notwithstanding this discrepancy, Benton insisted that, to the best of his recollection, the warrant was not obtained until after the breath test was administered.

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is upon [the appellant] to show that this ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). We

"review findings of historical fact only for clear error and
. . . give due weight to inferences drawn from those facts by
resident judges and local law enforcement officers."  Ornelas v.
United States, 116 S. Ct. 1657, 1663 (1996).

The record supports the trial court's conclusion that Benton
administered the test before he obtained the warrant.  The trial
court obviously accepted Benton's account of the events and
observed that the arrest warrant showed it was executed at
1:25 a.m.  We find no error in the ruling.

Moreover, we review de novo the ultimate questions of
reasonable suspicion and probable cause.  See id.  Viewed
accordingly, the record discloses that Benton stopped appellant
after observing appellant weaving his car across the center line.
Appellant had a strong odor of alcohol about his breath and
performed poorly on several field sobriety tests.  While
appellant initially denied that he had been drinking, he
subsequently admitted he had "a couple of beers."  Upon further
questioning, appellant angrily stated that he had consumed twelve
beers and three Jim Beam and cokes and admitted being drunk.

Even if we were to accept appellant's assertion that the
warrant was issued prior to the breathalyzer test, he has
suffered no harm.  Where an officer has probable cause to obtain
an arrest warrant for driving under the influence, there is no
legal requirement that the officer administer a breathalyzer test
before obtaining the arrest warrant.  The record supports that

the arresting officer had probable cause to procure the arrest warrant even before administering the test.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>
