COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


DAVID EDWARD POLLARD

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2638-98-2             JUDGE LARRY G. ELDER
                                         SEPTEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      John F. Daffron, Jr., Judge

              Fredrick S. Kaufman (Nachman & Kaufman,
              L.L.P., on brief), for appellant.

              H. Elizabeth Shaffer, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     David Edward Pollard (appellant) was convicted in a bench

trial for driving under the influence of alcohol, his third such

conviction in five years, in violation of Code § 18.2-266.  On

appeal, he contends the trial court erroneously admitted the

results of a breathalyzer test into evidence.  He argues

credible evidence establishes, contrary to testing requirements,

that he had cigarette tobacco in his mouth before and during the

test and that cigarette tobacco contains alcohol likely to have

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

skewed the test results.[1]  For the reasons that follow, we affirm

appellant's conviction.

"'The admissibility of evidence is within the broad

discretion of the trial court, and a ruling will not be

disturbed on appeal in the absence of an abuse of discretion.'"

James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904

(1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371

S.E.2d 838, 842 (1988) (citation omitted)).  Ordinarily,

> [t]he measure of the burden of proof with
> respect to factual questions underlying the
> admissibility of evidence is proof by a
> preponderance of the evidence. . . .  In
> determining whether the Commonwealth has met
> its burden, the trial court, acting as a
> fact finder, must evaluate the credibility
> of the witnesses, resolve the conflicts in
> their testimony and weigh the evidence as a
> whole.  Its factual finding "is to be given
> the same weight by the appellate court as is
> accorded the finding of fact by a jury."

---

[1] The only issue raised by appellant in regard to the breathalyzer results was its admission into evidence.  The precise issue on which this appeal was granted was "[w]hether the court erred in ruling the Certificate of Analysis admissible when the defendant presented evidence of having chewed cigarette tobacco between the time of his arrest and the time of the analysis."  To the extent that appellant now attempts to challenge the underlying reliability or accuracy of the breathalyzer itself, rather than the breath sample it analyzed, or the sufficiency of the evidence to support his conviction, no appeal was granted on either of these issues.  Therefore, we do not consider them on appeal.  See Rule 5A:12(c); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).

Albert v. Commonwealth, 2 Va. App. 734, 738, 347 S.E.2d 534, 536 (1986) (quoting Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 296-97 (1975) (citations and footnote omitted)).

Code § 18.2-268.2 provides, in relevant part, that "[a]ny person . . . arrested for a violation of § 18.2-266(i) or (ii) . . . shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given." Under Code § 18.2-268.9, "[t]o be capable of being considered valid as evidence in a prosecution under § 18.2-266 . . . , chemical analysis of a person's breath shall be performed . . . in accordance with methods approved by the Department of Criminal Justice Services, Division of Forensic Science." The code also provides, however, that

> [t]he steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof . . . shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

Code § 18.2-268.11. The Commonwealth bears the burden of proving substantial compliance with the statutes' requirements.

See Snider v. Commonwealth, 26 Va. App. 729, 732, 496 S.E.2d 665, 666 (1998).  In evaluating whether the test as administered substantially complied with the governing regulations, the trial court is entitled to consider testimony before it regarding the impact of the testing procedures on the reliability of the outcome.  See Hudson v. Commonwealth, 21 Va. App. 184, 186, 462 S.E.2d 913, 914 (1995) (reversing conviction because Commonwealth failed to present any evidence permitting finding of substantial compliance).

Here, appellant contends, in essence, that the Commonwealth failed to prove substantial compliance with statutory requirements for administering the breath test because the evidence established he had cigarette tobacco in his mouth before and during the test and the Commonwealth failed to prove that alcohol in the tobacco did not skew the breathalyzer results.  As a result, he argues, the trial court erred in admitting the breathalyzer test results.  We reject this contention and hold that the evidence supports a finding of substantial compliance, permitting admission of the results under Code § 18.2-268.11.

Assuming without deciding that appellant had the cigarette tobacco in his mouth during the twenty-minute observation period or during the test itself, this fact does not render the resulting certificate of analysis inadmissible.  Pursuant to Code § 18.2-268.11, as set out above, "[s]ubstantial compliance

[with the procedures for taking a breath sample] shall be sufficient.  Failure to comply with any steps or portions thereof . . . shall go to the weight of the evidence and shall be considered with all the evidence in the case."  Here, the evidence permitted a finding, by at least a preponderance of the evidence, that any alcohol in appellant's mouth did not skew the breath test results and, therefore, that appellant's breath test substantially complied with statutory requirements for its admission into evidence.  The information contained in the manual for the Intoxilyzer 5000 breathalyzer machine indicates that the presence of "mouth alcohol" in the sample will cause a spike in the breath sample curve which, in turn, will cause the machine to report an "INVALID SAMPLE."  Because Officer Kifer confirmed that the machine did not report an invalid sample in appellant's case, the evidence supported a finding that the test substantially complied with the statute, and the trial court did not err in admitting the test results into evidence.  Appellant was permitted, in compliance with the statute, "to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures . . . and that as a result his rights were prejudiced."  Code § 18.2-268.11.

For these reasons, we hold that the trial court did not err in denying appellant's motion to suppress the certificate. Therefore, we affirm appellant's conviction.

<u>Affirmed.</u>