COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


KODI JAMELLE WRIGHT

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2214-02-1            JUDGE WALTER S. FELTON, JR.
                                                         DECEMBER 23, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerome James, Judge

Cheryl D. Footman-Banks for appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Kodi Jamelle Wright was convicted of possession of marijuana with intent to distribute in

violation of Code § 18.2-248.1, and possession of a firearm while possessing drugs in violation

of Code § 18.2-308.4.  Wright entered pleas of guilty to both charges as part of a proposed plea

agreement.  On appeal, Wright contends that the trial court erred (1) by refusing to allow him to

put on evidence to show that he was not in breach of the plea agreement, and (2) by refusing to

allow him to file for a bond hearing[1] pending his appeal.  For the following reasons, we affirm.

I.  BACKGROUND

On March 28, 2002, pursuant to a proposed plea agreement, Wright entered pleas of

guilty to indictments charging that he possessed marijuana with intent to distribute and that he

possessed a firearm while possessing more than a pound of marijuana.  The trial court conducted

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Throughout his appeal, Wright refers to the court's refusal to set a "bond hearing,"
which we understand to mean a "bail hearing," to consider his release on bail pending appeal.

a lengthy colloquy with Wright concerning his pleas, and determined that he knowingly, voluntarily, and intelligently entered those pleas. After hearing a recitation of the evidence that the Commonwealth would present, without modification by Wright, the court accepted Wright's guilty pleas.

The trial court was informed the pleas were made pursuant to a written plea agreement signed by Wright and the prosecutor. See Rule 3A:8. The agreement provided that Wright promised to cooperate "*fully and completely* with law enforcement." The essential part of the agreement provided:

> The parties agree that the appropriate disposition of this matter is for the defendant to plead as stated above and to request a presentence report (PSR). The Commonwealth agrees that *if* the defendant cooperates *fully and completely*, with law enforcement authorities between today and the PSR [presentence report] date, then the Commonwealth agrees to do the following: 1) amend the charge of § 18.2-308.4 to Concealed Weapon-misdemeanor for which the defendant shall be sentenced to a (six) (6) month active jail sentence for which the Commonwealth does not oppose work release; 2) sentence the defendant for the violation of § 18.2-248.1 to five (5) years in the Virginia State Penitentiary with the execution of that sentence suspended conditioned upon the defendant paying a fine $200, and completing (5) years of probation of which an indeterminate period shall be supervised.

(Emphasis in original). Pursuant to the request for a presentence report in the agreement, the court set a sentencing hearing date for it to receive and review the report, and to receive advice as to whether Wright cooperated with the law enforcement authorities.[2] Wright remained free on bond until the sentencing hearing.

---

[2] The written plea agreement bears the trial judge's signature as being accepted on March 28, 2002, the date Wright entered his guilty pleas. The transcript reflects that Wright requested the court to accept the plea agreement and that the court agreed to do so. However, after seeing the request for the presentence report in the agreement, the trial court stated it would not say anything further about the agreement. The court's written order entered April 1, 2002, states the following:

Approximately seven weeks prior to the sentencing hearing, the Commonwealth informed Wright's counsel by letter that Wright was not cooperating with law enforcement authorities pursuant to his agreement. At the sentencing hearing, the Commonwealth informed the court of Wright's failure to cooperate with investigators pursuant to the terms of the plea agreement. The Commonwealth also informed the court that police officers were present and would testify to Wright's failure to cooperate. Wright's counsel argued that he had in fact complied with the plea agreement by giving information to the police, but proffered that he refused to make controlled buys because he thought that activity was too dangerous. Wright's counsel argued that:

> If the Commonwealth is of the position that he did not comply, and we are of the position that he did comply and gave the information relative to what he knew, then I think that he's entitled to withdraw his plea and try the matter. I think for the Court to determine - well, I would ask the Court for a determination as to whether or not he substantially complied.

The trial court determined that Wright had not cooperated, and then denied Wright's request to withdraw his guilty pleas. Wright objected to the court's ruling. After considering the presentence report, the court sentenced Wright on his pleas of guilty, imposing a term of five years mandatory imprisonment on the firearm conviction, and five years imprisonment and a fine

---

> Whereupon the defendant was arraigned and tendered his plea of *guilty* to *Indictments #1 and 2 as charged*. The Court, having been advised by the defendant, his counsel, and the attorney for the Commonwealth that there has been a *Plea Agreement* in this case, it was filed herein. The Court, having heard the evidence and argument of counsel, finds the defendant *guilty* of same, and withholds acceptance of said Agreement until such time as a sentencing hearing is held.

(Emphasis in original). Because Wright does not raise on appeal whether the plea agreement was accepted, we will not consider that question here. Rule 5A:12(c).

- 3 -

of $3,000 on the possession of marijuana with intent to distribute conviction. The court suspended the term of imprisonment for the latter conviction.

At the sentencing hearing, following the court's imposition of sentence, Wright did not move the court to release him on bail pending appeal. Wright filed his notice of appeal with the trial court on July 11, 2002.

On August 1, 2002, after the notice of appeal had been filed, Wright's counsel sent a letter to the trial court stating that Wright had:

> [R]equested permission to set a motion for a bond on your docket pending this appeal. Your Honor denied his request on July 10, 2002. On July 11, 2002, I appeared in the Court's Clerk's Office and it was confirmed . . . that the defendant's request was denied and that this Motion could not be heard before any other Judge. Accordingly, I ask that the Court file the defendant's Post Objection with the Court's records of the proceedings for appeal.

Wright attached to his letter a pleading entitled "Objection to the Denial of Appeal Bond," stating "COMES NOW, the defendant, by counsel, and files an objection to the Court's ruling denying the defendant's request to set a motion on the Court's docket for an Appeal Bond." Apart from counsel's avowal, the record does not contain any motion filed by Wright to grant him bail pending appeal, and there is no order memorializing the trial court's decision not to set or hear any such motion.

## II. ANALYSIS

### A. REFUSAL TO HEAR EVIDENCE ON COMPLIANCE

On appeal, Wright contends that the trial court erred in not allowing him to present evidence of his compliance with the terms of the plea agreement. When the Commonwealth informed the court that Wright had failed to cooperate *fully and completely* with investigators, Wright argued that he had cooperated and asked the judge to make a determination of his compliance. He also argued that, if the court determined that he had failed to comply, he was

- 4 -

entitled to withdraw his guilty pleas as a matter of right.[3] In his petition for appeal, Wright limited his appeal to the following questions: 1) did the trial court commit reversible error by not allowing him to present evidence to show that he was not in breach of the plea agreement, and 2) did the trial court err by refusing to allow him permission to file for a bond hearing pending his appeal.

At the sentencing hearing, Wright did not call any witnesses or specifically ask to put on evidence at that hearing. Nor did he seek an additional hearing at a later date in which to present evidence. The trial court heard his proffer that he had talked with the officers, that he gave them information of how he received the drugs and narcotics he sold, but that he refused to engage in controlled buys at the street level. At the sentencing hearing, rather than asking the trial court for the opportunity to present evidence on whether he complied, Wright merely asked the trial court "for a determination as to whether or not he substantially complied" with the agreement after it had heard proffers from the parties as to compliance.

Pursuant to Rule 5A:18, "the Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Rule 5A:18 states, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 applies to bar even constitutional claims." Ohree, 26 Va. App. at

---

[3] We do not consider the question of whether the trial court erred in refusing Wright's request to withdraw his guilty pleas because he did not raise that question in his petition for appeal, and no appeal was granted by this Court on that question. Rule 5A:12(c); see Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).

- 5 -

308, 494 S.E.2d at 488 (citing Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992)).  This Court will not consider an argument on appeal that was not presented to the trial court.  Id.

The only objection that Wright presented at trial was that the trial court failed to allow him to withdraw his guilty pleas based on noncompliance.  The trial court expressly ruled on that issue.

In order for this Court to consider whether the trial court erroneously limited Wright's right to present evidence of his compliance with the plea agreement, the record must reflect that he sought that opportunity and must contain a proffer of the evidence Wright sought to present. The record in this case reflects that he did neither.  By failing to alert the trial court to the specific issue he now raises on appeal, and absent a specific proffer of the evidence, Rule 5A:18 bars our review of this question on appeal.  Moreover, because the trial court accepted the Commonwealth's representation that Wright did not "fully and completely cooperate with law enforcement" and made the determination requested by Wright as to compliance, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

B.  MOTION FOR "BOND HEARING"

Wright also contends that the trial court erred by refusing to allow him permission "to file for a bond hearing" (to grant him bail) pending this appeal.  Wright argues that he never filed a motion for an appeal bond because he was denied permission by the trial court to do so. Rule 5A:18 bars our consideration of this question.

The record before us does not reflect that, at the sentencing hearing, Wright requested that he be released on bail pending appeal or that the court set a bail hearing for a later time.  The record contains no rulings by the trial court with respect to a bail hearing.  Only the letter filed by Wright's counsel with the trial court on August 1, 2002 indicates the issue was ever raised before

the trial court. That letter contains an assertion by Wright's counsel that she had orally "requested permission to set a motion for a bond on your docket pending this appeal," which the court ostensibly orally denied on July 10, 2002. Apart from the avowal by counsel, there is nothing in the record to reflect that the trial court ever was advised of Wright's request, or that it issued any ruling on it.

Because there is nothing in the record to show that the trial court ever ruled on Wright's motion to set a hearing to consider his release on bail pending appeal, there is no ruling of the trial court for this Court to review on appeal. See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993). Finally, the record does not reflect nor does Wright argue any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

For the foregoing reasons, we affirm the rulings of the trial court.

Affirmed.