COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Clements
Argued at Richmond, Virginia


ANTHONY TIMOTHY GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 1072-10-2                JUDGE JEAN HARRISON CLEMENTS
                                            MAY 24, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

Terry R. Driskill for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Anthony Timothy Green appeals his conviction of possession with the intent to distribute an

imitation Schedule I or II substance, in violation of Code § 18.2-248.[1]  Green argues the trial court

erred in finding that he possessed an imitation substance with the intent to distribute because the

Commonwealth failed to submit the suspected substance for a laboratory analysis.  We reject

Green's argument on procedural grounds and affirm.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Green was also convicted of possession of cocaine with the intent to distribute and
possession of marijuana.  He claims no error related to those convictions.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).[2]

The evidence proved that Richard Jeffreys arranged to purchase cocaine from Green. Jeffreys met Green, gave Green money, and Green gave Jeffreys a package. Jeffreys felt something inside the package, but he did not open it. After the exchange, a police officer arrived and Jeffreys' companion threw the package out the window of a car. An officer recovered the package, believed it contained cocaine, and transported the package to the police station. Upon arriving at the station, an officer opened the package and inside he found folded cellophane from a cigarette package.

At his trial Green argued the evidence was insufficient to support a conviction for distribution of an imitation substance under Code § 18.2-248 on the basis that "[t]here is no imitation substance if there is nothing but packaging."[3] In his sole assignment of error upon which we granted this appeal, however, Green asserts the trial court erred in finding that he possessed an imitation controlled substance with the intent to distribute "where the Commonwealth did not submit the suspected substance for a laboratory analysis." Further, in his opening brief to this Court, Green advances an argument in support of this assignment of error. But at oral argument, Green reverted to presenting to us the argument he advanced at trial, which was not based on the police's purported failure to conduct a laboratory analysis of the contents of the subject package.

We reject Green's arguments on procedural grounds. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v.

---

[2] Given the parties are familiar with the evidence, and this opinion is not designated for publication, only a brief recitation of the facts relevant to the issue in this appeal is necessary.

[3] The Commonwealth responded by arguing to the trial judge that the cellophane in the package did, in fact, constitute an "imitation substance" under Code § 18.2-248 on the facts presented in this case. As the attorney for the Commonwealth asserted, "[Jefferys] doesn't think he's buying cellophane. He thinks he's buying cocaine and he thinks he's buying it from the defendant. So the defendant puts an imitation substance . . . into a baggie and sold it to him for $80, ripping off Mr. Jeffreys."

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. An appellate court will not consider an argument on appeal different from one raised at trial even if it is related to the same issue. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). See Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002) (explaining that the purpose of Rule 5A:18 is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals").

Green never argued to the trial court that the evidence was insufficient because the Commonwealth failed to submit the contents of the subject package for laboratory analysis. Therefore, Rule 5A:18 bars consideration of this argument on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

Green did not request consideration of the argument to meet the ends of justice, and we will not *sua sponte* consider the argument.

Furthermore, "[o]nly those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (citing Rule 5A:12(c)); see also Megal v. Commonwealth, 37 Va. App. 676, 679, 561 S.E.2d 21, 22 (2002); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991)). Rule 5A:12(c)(1)(i) specifically provides that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court." Whether the evidence

was insufficient in this case to support Green's conviction because the subject package contained only cellophane—and thus, according to Green, contained no "imitation substance" under Code § 18.2-248, as Green argued at trial—was not raised in his assignment of error in this appeal. Thus, we will not consider it.

Accordingly, we affirm the trial court.

Affirmed.