STATE of Iowa, Appellee,

v.

Michael Brent BUNDY, Appellant.

No. 92–1428.

Supreme Court of Iowa.

Nov. 24, 1993.

Linda Del Gallo, State Appellate Defender and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Clinton C. Spurrier and Karrie Kelly, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Michael Brent Bundy appeals from his convictions and sentences for possession with intent to deliver a controlled substance, manufacture of a controlled substance, and failure to affix a drug tax stamp. He claims the trial court's failure to merge his sentences violated Iowa Code section 701.9 (1991) and his right against double jeopardy. We affirm.

The facts are undisputed on appeal. Bundy and his fiancee resided in the basement of a residence in Sioux City. A police search of the basement revealed marijuana packaging materials and at least 2381 grams of marijuana. The police found the marijuana in various stages of drying and packaging with some of the marijuana in Baggies.

The State charged Bundy by trial information with possession with intent to deliver marijuana and manufacture of marijuana, both in violation of Iowa Code section 204.-401(1)(d) (1991). The State also charged Bundy with failure to affix a drug tax stamp in violation of Iowa Code section 421A.12. The matter proceeded to a bench trial.

The court found Bundy guilty of all three offenses charged. It sentenced Bundy to up to five years on each conviction and ordered the sentences to run concurrently. Bundy appeals.

■ Based upon *State v. Williams*, 305 N.W.2d 428 (Iowa 1981), Bundy argues his possession and manufacture convictions were merely different means of committing the same offense pursuant to section 204.401(1). Therefore, he claims the imposition of sentence for both of these crimes violated double jeopardy principles. *See Williams*, 305 N.W.2d at 434.

The State claims Bundy committed separate offenses because his convictions were based upon different marijuana. We agree.

The bagged marijuana supported Bundy's conviction for possession with intent to deliver under section 204.401(1). The drying marijuana, as a controlled substance being prepared for sale, supported Bundy's conviction for manufacture of marijuana under section 204.401(1). *See also* Iowa Code § 204.-101(16) ("'Manufacture' means the production, preparation, propagation, compounding, conversion or processing of a controlled substance....").

Bundy also claims that, pursuant to Iowa Code section 701.9 (1991), the court erred in failing to merge his possession and manufacture sentences with his sentence for failure to affix a drug tax stamp. In *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993), we held section 701.9 does not bar multiple punishments for both a drug tax stamp violation pursuant to chapter 421A and the underlying drug offense pursuant to chapter 204. *Gallup* is controlling on this issue.

Accordingly, Bundy's convictions and sentences are affirmed.

**AFFIRMED.**