UNITED STATES

v.

Senior Airman David A. SMITH, United States Air Force.

ACM 33371.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 22 July 1998.

Decided 27 May 1999.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt and Captain Thomas R. Uiselt.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Ronald A. Rodgers, and Major Kenneth A. Arnold.

Before YOUNG, Senior Judge, SPISAK, and SCHLEGEL, Appellate Military Judges.

YOUNG, Senior Judge:

The appellant pled guilty to wrongfully using methamphetamine and cocaine, wrongfully distributing marijuana and cocaine, wrongfully possessing .58 grams of cocaine, and wrongfully possessing .68 grams of co-caine with intent to distribute. Article 112a, UCMJ, 10 U.S.C. § 912a. The approved sentence consists of a bad-conduct discharge, confinement for 21 months, forfeiture of all pay and allowances, and reduction to E–1. For the first time, the appellant now asserts that his convictions for possession of cocaine and possession of cocaine with intent to distribute are multiplicious. We disagree and affirm.

■ "[A]ppellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'" *United States v. Lloyd*, 46 M.J. 19, 20 (1997). In this case, the accused's guilty pleas were unconditional and the specifications do not allege the same facts. Therefore, we hold that the accused "waived" the issue of multiplicity.

■ Even had we not found waiver, the appellant would still not be entitled to relief. The purpose of the multiplicity doctrine is to avoid imposing multiple convictions on an accused for what is essentially one offense. It is grounded in the Double Jeopardy Clause of the Fifth Amendment and focuses on whether Congress intended that an accused be subject to multiple convictions and punishment for what is essentially one act. If Congress is silent, we employ a pleadings-elements test. Offenses are not multiplicious when proof of each one requires proof of some fact which the other does not. Thus, if one offense is a lesser-included offense of another, normally, they are multiplicious. *See United States v. Weymouth*, 40 M.J. 798, 801 (A.F.C.M.R.1994), *aff'd*, 43 M.J. 329 (1995).

■ In this case, because the two specifications arose out of one transaction (the possession of 1.26 grams of cocaine split between two baggies), we must determine whether Congress intended for the accused to be subject to two convictions. An accused cannot be convicted of both possession of a contraband substance and possession with intent to distribute *the exact same* contraband substance. *Cf. United States v. Savage*, 50 M.J. 244 (1999) (holding specifications al-

leging possession with intent to distribute and distribution of exact same contraband were multiplicious). Because possession is a lesser-included offense of possession with intent to distribute, convictions for both offenses would violate the Double Jeopardy Clause of the Constitution. But, the specifications with which the accused was charged did not allege the exact same contraband. The specifications allege separate offenses based on the admissions of the appellant that he separated the cocaine into two parts because he intended to put each to a different use.

During the plea inquiry, the appellant told the military judge that, at the request of an informant for the Air Force Office of Special Investigations, he purchased a quantity of cocaine. He divided the cocaine into two baggies—one of which he intended to distribute, the other he intended to keep for his own use. He was apprehended with both baggies. The appellant argues that it would be absurd to believe that he could face 15 years confinement if he possessed all of the cocaine for distribution, but 20 years confinement when he intended to distribute only a portion of the cocaine. We disagree. We are convinced that Congress intended to subject an accused to conviction and punishment for both possession of cocaine and possession with intent to distribute cocaine where the cocaine is clearly divisible by quantity and intent.

In drug cases, the question frequently arises whether a defendant's entire cache of drugs is to be considered as a single unit or as separate units for purposes of defining the extent of his criminal activity. Although a supply of narcotics generally is not divisible for purposes of prosecution, various stashes of that drug are considered separate where the evidence indicates that they were intended for different purposes or transactions. Moreover, a determination of the existence of separate stashes is not constrained by any particular measure of spatial or temporal distance. The proper focus of a "separate stash" inquiry is not on logistics but on demonstrated intent.

*United States v. Johnson,* 977 F.2d 1360, 1374 (10th Cir.1992) (citations omitted) (holding that accused's convictions for possession of amphetamine and possession with intent to distribute amphetamine did not violate Double Jeopardy Clause where all amphetamine was found in accused's truck).

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the accused occurred. Accordingly, the findings and sentence are

AFFIRMED.

Judge SPISAK and Judge SCHLEGEL concur.