COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Overton
Argued at Richmond, Virginia


JEREMY AUSTIN PEAKE
                                                            OPINION BY
v.        Record No. 0279-04-2                   JUDGE NELSON T. OVERTON
                                                            JUNE 21, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John Richard Alderman, Judge

Emmet D. Alexander (Gates & Alexander, P.L.C., on brief), for
appellant.

Amy L. Marshall, Assistant Attorney General (Judith Williams
Jadgmann, Attorney General, on brief), for appellee.


Tried by the court sitting without a jury, Jeremy Austin Peake (appellant) was convicted

of possessing marijuana with the intent to distribute it.  On appeal, appellant contends principles

of double jeopardy and collateral estoppel barred his conviction.[1]  Finding no merit in these

contentions, we affirm appellant's conviction.

FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

---

[1] Appellant also contends the doctrine of res judicata barred his conviction.  This was not
a question upon which this Court granted review.  We will not consider issues other than that
upon which the appeal was granted.  See Rule 5A:12(c); Cruz v. Commonwealth, 12 Va. App.
661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).

On April 22, 2003, police officers executed a search warrant at the Hanover County home appellant shared with several others. As police officers were attempting to enter the home by the front door, Deputy Michael Cataldo saw appellant and William Lewis exiting the garage door to the backyard. Cataldo detained appellant and Lewis. Cataldo frisked appellant for weapons. During the frisk, Cataldo felt a smoking device. Appellant admitted marijuana was in his pocket. The police later seized from appellant's pocket a plastic bag containing .11 ounce of marijuana.

Cataldo seized a key chain that was hanging around appellant's neck. During the search of the house, the police found a red lockbox in one of the bedrooms. Appellant told the police one of the keys on the key chain was to the lockbox, and the police opened the lockbox with the key. The lockbox contained eleven individually rolled clear plastic bags of marijuana, a set of digital scales, and checkbooks bearing appellant's name. The total weight of the marijuana in the box was 2.17 ounces. Beside the red lockbox was cash totaling $195.

Appellant admitted to the police there was about one and one-half ounces of marijuana in the lockbox, and said he purchased it two weeks earlier. When asked how much he normally charged when he sold each bag, appellant said he sold a quarter ounce of marijuana for twenty dollars. Appellant said he had been selling marijuana "on and off for awhile" so he could "get his marijuana for free."

Appellant was charged and convicted in general district court of possession of marijuana based upon the marijuana found in his pocket. Subsequently, he was tried and convicted in circuit court upon an indictment charging him with possessing marijuana with the intent to distribute based upon the marijuana found in the red lockbox.[2]

---

[2] At appellant's circuit court trial, the Commonwealth introduced into evidence the marijuana and smoking device found in appellant's pocket. The prosecutor stated he introduced this evidence only to prove the marijuana in the lockbox was a quantity appellant had set aside for distribution, not personal use.

DISCUSSION

A.

Citing principles of double jeopardy, appellant argues his conviction of possession of marijuana in general district court barred his subsequent circuit court conviction of possession of marijuana with the intent to distribute. "The Double Jeopardy Clause . . . provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' U.S. Const., Amdt. 5. This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." United States v. Dixon, 509 U.S. 688, 695-96 (1993).

> In both the multiple punishment and multiple prosecution contexts, [the United States Supreme] Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. See, e.g., Brown v. Ohio, 432 U.S. 161, 168-169 (1977); Blockburger v. United States, 284 U.S. 299, 304 (1932) (multiple punishment); Gavieres v. United States, 220 U.S. 338, 342 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

Id. at 696.[3]

> Under Blockburger, the "applicable rule is that where *the same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." "The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'"

Henry v. Commonwealth, 21 Va. App. 141, 146, 462 S.E.2d 578, 580-81 (1995) (emphasis added and citations omitted).

---

[3] In Dixon, the Supreme Court of the United States expressly overruled its decision in Grady v. Corbin, 495 U.S. 508 (1990), characterizing the Grady decision as a "mistake." Id. at 711. Thus, appellant's reliance upon Grady is misplaced.

Applying the Blockburger test, we agree with appellant's contention that simple possession of marijuana is a lesser-included offense of possession of marijuana with the intent to distribute. See Peterson v. Commonwealth, 5 Va. App. 389, 395, 363 S.E.2d 440, 443-44 (1987). Nonetheless, if the same act or transaction was not involved in the two offenses, Blockburger does not bar the subsequent prosecution. See Blockburger, 284 U.S. at 309.

This Court has recognized that discovery of drugs in a defendant's possession may support more than one drug conviction without violating double jeopardy. In Shears v. Commonwealth, 23 Va. App. 394, 477 S.E.2d 309 (1996), the police discovered cocaine in the defendant's pocket and nearby him when they seized him at an informant's home. The officers obtained a search warrant for the defendant's residence, and found cocaine and evidence of cocaine distribution there. In a single trial, the defendant was convicted of two charges of possessing cocaine with the intent to distribute, one based upon the cocaine found on his person and the other based upon the cocaine discovered in his residence. After examining the legislative intent of the General Assembly in enacting Code § 18.2-248, which governs the possession of controlled substances with the intent to distribute them, this Court stated: "The gravamen of the offense is clearly possession of the specified drug *with the requisite intent*. Thus, each distinguishable incident of the offending conduct constitutes a 'unit of prosecution' for violation of the statute." Id. at 401, 477 S.E.2d at 312 (emphasis added). The defendant's possession of cocaine when seized by the police "constitute[d] a violation of Code § 18.2-248 separate from the constructive possession of like drugs elsewhere, despite a similar criminal purpose." Id. The defendant's conviction of both offenses thus did not violate double jeopardy principles.

Courts of other jurisdictions also have concluded it may be constitutionally permissible for a defendant to be convicted of more than one drug offense based upon the discovery of separate caches of drugs the defendant possessed with distinct purposes. See, e.g., United States

v. Johnson, 977 F.2d 1360, 1374 (10th Cir. 1992); State v. Bundy, 508 N.W.2d 643, 643-44 (Iowa 1993); Potts v. State, 479 A.2d 1335, 1343-44 (Md. 1984).

> "Generally, courts which have considered the issue [of multiple prosecutions under controlled substance statutes] have determined that separate convictions for possession of the same controlled substance [with the intent to distribute] will not violate the Double Jeopardy Clause if the possessions are sufficiently differentiated by time, location, or intended purpose."

Commonwealth v. Rabb, 725 N.E.2d 1036, 1043 (Mass. 2000) (citation omitted). The considerations of time, location, and intended purpose "are meant to be disjunctive, with no one determinative factor." Id. "[A] determination of the existence of separate stashes is not constrained by any particular measure of spatial or temporal distance. The proper focus of a 'separate stash' inquiry is not on logistics but on demonstrated intent." United States v. Smith, 50 M.J. 813, 815 (A.F. Ct. Crim. App. 1999).

Although the possession of marijuana is a lesser-included offense of possession of marijuana with the intent to distribute, conviction of the former would not bar conviction of the latter if each offense is based upon a "distinguishable incident of the offending conduct." See Shears, 23 Va. App. at 401, 477 S.E.2d at 312. Considering appellant's implicit admission that he used marijuana in conjunction with his simultaneous possession of a smoking device and a relatively small amount of marijuana, the evidence proved appellant's possession of marijuana in his pocket was for personal use.[4] See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). By contrast, the evidence proved appellant's possession of the larger cache of marijuana in the red lockbox was for distribution. The marijuana was discovered divided into

---

[4] To support his claim he was prosecuted twice for the same act or transaction, appellant emphasizes the Commonwealth's introduction, at the circuit court trial, of the marijuana and smoking device found in his pocket. However, "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 503 U.S. 378, 386 (1992).

separate bags, with a digital scale, and near a quantity of cash. Significantly, appellant told the police he sold marijuana from the lockbox so he could get his own marijuana for free.

Upon this evidence, we conclude appellant's conviction of possession of the marijuana in the lockbox with the intent to distribute was not for the "same act or transaction" as his possession of the marijuana in his pocket. Accordingly, his circuit court conviction of possession of marijuana with the intent to distribute did not violate double jeopardy principles.[5]

B.

Appellant also contends his circuit court conviction was barred by collateral estoppel. However, appellant did not specifically raise and obtain a ruling upon this question in the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

CONCLUSION

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.

---

[5] Appellant argues this Court's decision in Peterson compels a different result. In Peterson, this Court found the defendant's prosecution for possessing marijuana with the intent to distribute was not barred by her appeal *de novo* from her general district court conviction of possessing the same drugs. Peterson, 5 Va. App. at 398, 363 S.E.2d at 446. We did not consider in Peterson whether the discovery of more than one cache of drugs could serve as a basis for more than one prosecution. Therefore, our decision in Peterson has no binding effect upon the double jeopardy issue raised in the present appeal.