COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Beales
Argued at Richmond, Virginia


VERNON LEO POPE, JR.

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2622-05-2              JUDGE RANDOLPH A. BEALES
                                                         NOVEMBER 7, 2006

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                             Michael C. Allen, Judge

          Keith A. Jones (Law Offices of Keith A. Jones, P.C., on brief), for
          appellant.

          Leah A. Darron, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Vernon Leo Pope (appellant) appeals from his conviction by jury on two counts of

distributing cocaine. Appellant contends that the trial court erred by entering the jury room, without

counsel or a court reporter, to answer a question posed during sentencing, thereby violating both his

Sixth Amendment rights and Code § 19.2-263.1.[1] Finding appellant did not properly preserve the

issue for appeal and that the ends-of-justice exception does not apply, we affirm.

                                            I.

                                    BACKGROUND

        As this appeal involves circumstances that arose during the sentencing deliberations and not

the trial proceedings, only a brief discussion of the background facts is necessary.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 19.2-263.1 states, "No judge shall communicate in any way with a juror in a
criminal proceeding concerning the juror's conduct or any aspect of the case during the course of
the trial outside the presence of the parties or their counsel."

On three separate occasions in 2003, Cindy Coleman, an informant working with the Chesterfield Multi-Jurisdictional Drug Task Force, made controlled buys of cocaine from appellant. Coleman wore a wire and also videotaped each of these transactions. Based on the evidence presented at trial, the jury found appellant not guilty on one charge of distributing cocaine and guilty on the other two charges of distribution of cocaine.

After the reading of the verdict, the parties presented argument to the jury on sentencing. The Commonwealth introduced appellant's two prior convictions, misdemeanor reckless handling of a firearm and felony forgery of public records, and made its sentencing recommendation. That recommendation informed the jury of the sentencing range, 5 to 40 years, but argued that the facts did not merit "incarceration close to 40 years on each charge." Appellant urged the jury to consider a sentence close to the minimum allowed by statute.

Shortly after retiring for deliberation, the jury posed a written question to the trial court. That question read, "Clarification of terms of sentencing consecutive, parenthesis, example, by per indictment total of 10 years." The trial court read the question aloud to counsel and asked the Commonwealth its position on how to answer the question. The Commonwealth's attorney answered, "Just out of fairness, I think they ought to be told they don't have the power to run them concurrently, and they should assume to run them one after the other." Appellant's counsel immediately responded, "Yes." The trial court then asked, "I'll advise them of that, and the question is how do you want me to do that? Do you want me to bring them back in and tell them in open court, or do you want me to step into the jury room and tell them?" The Commonwealth responded, "You can step in, if you don't mind. That's fine with me." Appellant's counsel did

not respond to the question or pose an objection to the trial judge entering the jury room.[2]  The trial judge subsequently entered the jury room and answered the question.

Approximately one-half hour later, the jury returned and sentenced appellant to six years imprisonment and a $500 fine on each count.

II.

ANALYSIS

On brief, appellant concedes that he failed to object to the trial court's action and, therefore, did not preserve the issue presented for appeal.  As the Court held in Peake v. Commonwealth, 46 Va. App. 35, 614 S.E.2d 672 (2005), "'[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court.'"  Id. at 42-43, 614 S.E.2d at 676 (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)); see Rule 5A:18.  Appellant urges, however, that we consider the issue under the ends-of-justice exception to Rule 5A:18.

As we reiterated in Tooke v. Commonwealth, 47 Va. App. 759, 627 S.E.2d 533 (2006), "'[t]he ends of justice exception is narrow and is to be used sparingly,' and only when a trial court error is 'clear, substantial and material.'"  Id. at 764, 627 S.E.2d at 536 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)).  In order to invoke the exception, "[t]he record 'must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'"  West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d

---

[2] The trial court also asked for each side's position on how to answer the potential follow-up question of whether the court may impose concurrent sentences.  Appellant responded, "I don't think you can respond to that."  The trial court stated, "I'm just going to tell them that I can't - - that they need to make their sentencing decision and not concern themselves with what happens thereafter.  I think that's an accurate statement of the law."  Appellant made no additional comments about the question from the jury or the court's handling of the response.

269, 272 (1997)). Moreover, and as the Virginia Supreme Court has held, "[a]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). "Error alone, even a violation of constitutional principles, is not sufficient to warrant application of the ends of justice exception to Rule 5A:18." West, 43 Va. App. at 339, 597 S.E.2d at 279.

Also applicable to this appeal is the understanding that "'[n]o litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate – to invite error . . . and then to take advantage of the situation created by his own wrong.'" Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)), cert. denied, 543 U.S. 892 (2004). Here, by remaining silent and not objecting to the trial court's actions, appellant has invited the error from which he now seeks to benefit on appeal. The trial court gave both appellant and the Commonwealth an opportunity to craft both the response and the procedure for answering the jury's sentencing question. Appellant agreed with the Commonwealth's response to the first question posed by the jury. Appellant then also subsequently stated that he felt the judge could not respond to the jury's potential follow-up question, and the trial judge agreed with him. Even though the trial court illustrated a willingness to listen to and accept appellant's recommendations on handling queries from the jury and even though appellant's counsel then was quite proactive in suggesting that the judge not respond to any other questions while in the jury room, appellant never questioned the court's decision to answer the jury's inquiry without either counsel present. By remaining silent regarding whether the judge should enter the jury room, even though specifically asked the question and even though he did answer other questions from the court, appellant acquiesced in the trial judge's action and invited the sole error of which he now complains.

Thus, for the reasons stated above, we decline to apply the ends of justice exception. This record does not show that a miscarriage of justice actually occurred, nor does it show that application of the exception is necessary to avoid a grave injustice or denial of essential rights. Accordingly, our consideration of the issue presented is barred by Rule 5A:18, and because appellant seeks to take advantage on appeal of the error that he effectively invited. Appellant's convictions are, therefore, affirmed.

Affirmed.

Benton, J., concurring in the judgment.

I would affirm the convictions; however, I would do so for a different reason because I do not believe the record demonstrates "invited error."

Recently, the Supreme Court reiterated the settled rule that "[a]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005) (citing Cooper v. Commonwealth, 205 Va. 883, 889, 140 S.E.2d 688, 693 (1965)). As stated in Cooper, "'[a]n appellate court may . . . take cognizance of errors though not assigned when they relate to the jurisdiction of the court over the subject matter, are fundamental, or when such review is essential to avoid grave injustice or prevent the denial of essential rights.'" 205 Va. at 889, 140 S.E.2d at 693 (citations omitted).

To invoke the ends of justice exception to the contemporaneous objection rule we must first determine whether "there was error in the judgment of the trial court [and, if so, whether] application of the exception is necessary to avoid a grave injustice." Charles, 270 Va. at 20, 613 S.E.2d at 434. The first determination can be made in this case by beginning with a reading of the statute. Code § 19.2-263.1 expressly provides that "[n]o judge shall communicate *in any way* with a juror in a criminal case concerning . . . any aspect of the case during the trial outside the presence of the parties or their counsel." (Emphasis added). Ex parte communications between a judge and jurors can raise serious concerns, Rushen v. Spain, 464 U.S. 114, 119 (1983), and hazards that implicate whether the accused has received a fair trial, United States v. United States Gypsum Co., 438 U.S. 422, 462 (1978). To illustrate the problem, a colloquy between the judge and the jury during an ex parte communication could take an unintended direction, causing the jury to believe the judge was directing an outcome. Id. To avoid such concerns, it has long

been recognized that oral communications with the jury should not be ex parte and should be made "in open court." Rogers v. United States, 422 U.S. 35, 39 (1975).

The record in this case indicates that, after the jury sent its written inquiry and the attorneys agreed upon an initial response, the trial judge asked, "Do you want me to bring them back in and tell them in open court, or do you want me to step into the jury room and tell them?" The question required the attorneys to select one of two options. The record indicates the prosecutor responded, "You can step in, if you don't mind. That's fine with me." Pope's attorney did not verbally respond. Without a response from Pope's attorney, the trial judge could not assume he assented to the judge entering the jury room. After all, the judge, not Pope's attorney, posed the question requiring a selection of one of the two options. In the absence of a response from Pope's attorney, I would hold that the trial judge's entry in the jury room violated Code § 19.2-263.1.

I disagree with the Commonwealth's contention that the circumstances permit us to invoke the doctrine of "invited error." No evidence established that Pope's attorney took any action "to invite error . . . and then [took] advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988). Likewise, no evidence proved Pope or his trial attorney made a "voluntary choice to place [Pope] at a disadvantage." Moore v. Hinkle, 259 Va. 479, 491, 527 S.E.2d 419, 426 (2000). In view of the record's indication that Pope's attorney did not respond to the options posed by the trial judge, it cannot be said that he invited the error. In other words, Pope is not "ascribing error to an act by the trial court that comported with his [attorney's] representations." Asgari v. Asgari, 33 Va. App. 393, 403-04, 533 S.E.2d 643, 648 (2000). While it is true that Pope provides no reason why his trial attorney did not object or otherwise verbally respond, see e.g., Mason v. Commonwealth, 7 Va. App. 339, 345-46, 373 S.E.2d 603, 606 (1988) (applying Code § 8.01-384 and ruling that

Rule 5A:18 was not a bar to the appeal because the attorney was surprised by the judge's comments and had no opportunity to object), the record requires us to speculate whether Pope's attorney heard either the question or the prosecutor's response. In all events, the trial judge failed to cause the record to reflect any non-verbal conduct he may have deemed to represent a choice by Pope's attorney. Thus, the record fails to establish the error was "invited."

Pope argues we should apply the

> "ends of justice exception" . . . because the end result of denying such a request would result in not only a grave injustice but also would serve to strip away his right to an impartial jury, his right to be present throughout the proceedings, and his right to have counsel present throughout the proceedings.

I believe, however, we can conclude from our review of this record and the circumstances attendant to the judge's communication with the jurors that the ex parte communication did not affect the jury's impartiality and it was not prejudicial to Pope. See Rushen, 464 U.S. at 117-22.

The record indicates the judge and the attorneys believed the jury's inquiry concerned solely whether its sentencing recommendation was for consecutive terms. Pope's trial attorney responded affirmatively to the prosecutor's suggestion that the judge inform the jury "they don't have the power to run [the sentence] concurrently, and they should assume [the sentences would] run . . . one after the other." The prosecutor and Pope's attorney also concurred in the judge's proposed response to any question the jury might raise about his power to adjust the sentences. The judge said he would tell the jurors they "need to make their sentencing decision and not concern themselves with what happens thereafter."

Although Pope contends he "may have been prejudiced by the trial court's actions," the responses the attorneys agreed upon would not have prejudiced Pope. By statute, "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Code § 19.2-308. The trial judge,

not the jury, is granted the discretionary authority to order the sentences to be served concurrently.  Moore v. Commonwealth, 27 Va. App. 192, 200, 497 S.E.2d 908, 911 (1998). Thus, the observation in United States v. Rhodes, 32 F.3d 867 (4th Cir. 1994), is apt to the circumstance here:  "The answer that the . . . court gave to the jury's question was so patently legally correct that it is beyond argument.  It also was the answer which . . . counsel urged the . . . court to use."  Id. at 874.  Cf. Rogers, 422 U.S. at 40 (holding that "the nature of the information conveyed to the jury, in addition to the manner in which it was conveyed" rendered the ex parte communication not harmless).

Pope alleges a grave injustice occurred, but he neither identifies consequences he may have suffered nor specifies injustices that may have resulted.  Considering the nature of the jury's inquiry and the agreed upon response, I would hold that the judge's error of entering the jury room was harmless because the record fails to support Pope's suggestion that he was prejudiced by these occurrences.  For these reasons, I too would affirm the convictions.