COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Beales
Argued at Alexandria, Virginia


MONA ELISABETH GUPTA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0749-05-4                      JUDGE JAMES W. BENTON, JR.
                                                    JULY 10, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

Gilbert K. Davis (Davis & Associates, LLC, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial judge convicted Mona Elisabeth Gupta of driving while intoxicated as a third

offense committed within ten years.  Code §§ 18.2-266 and 18.2-270.  Gupta appeals her

conviction, contending (i) she was denied various constitutional and statutory rights when the

prosecutor "secretly released the breathalyzer operator from his obligation to appear at trial"; (ii) the

trial judge abused his discretion by denying her a continuance to obtain the appearance of the

breathalyzer operator; (iii) the trial judge erred in admitting into evidence a certificate of analysis in

the absence of the breathalyzer operator; and (iv) she was prejudiced by the inability to examine the

breathalyzer operator and by the judge's limitation of her re-cross examination of the arresting

officer.  For the reasons that follow, we affirm the conviction.


_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Officer Christopher R. Salter noticed a car being driven at 12:15 a.m. with an expired license plate. He stopped the car, approached the driver, Mona Elisabeth Gupta, and detected a strong odor indicating Gupta had consumed alcohol. When Gupta said she had had two drinks, the officer asked her to perform various "field sobriety tests." After Gupta attempted these tests and had her breath tested on a passive device, the officer arrested her for driving under the influence of alcohol. At an adult detention center, the officer supervised Gupta during a twenty-minute waiting period before she took a test to determine the alcohol content of her breath.

Gupta elected to be tried without a jury. At trial, the officer explained the events leading to the arrest and surrounding Gupta's breath test. He also testified he is certified as a technician to administer breath tests. When the prosecutor began to question the officer about the certificate of alcohol analysis, Gupta's attorney protested because he "thought that the breathalyzer operator would be here and be the person testifying about it." The prosecutor informed the judge that, when the trial was changed from a jury trial to a bench trial, she told the breathalyzer operator, whom the prosecutor had subpoenaed, "he didn't need to come." A colloquy then ensued among the prosecutor, Gupta's attorney, and the trial judge.

II.

Gupta raises four issues on appeal. She argues that the Commonwealth's attorney's release of the operator as a witness prejudiced her constitutional and statutory rights and that the trial judge erred by not granting her a continuance, by admitting the certificate of analysis into evidence, and in limiting her re-cross examination of the arresting officer.

A.

Gupta specifically contends her "federal and Virginia rights to due process, confrontation of accusers and witnesses, and effective counsel, and Virginia's statutory provisions under [Code §§]

19.2-187.1, 19.2-187.01, 19.2-187, 18.2-268.1, 18.2-268.2, 18.2-269.9 and 18.2-268.10 were abridged, in the circumstances, because the Commonwealth secretly released the breathalyzer operator from his obligation to appear at trial."

We have reviewed the record, including the seven pages in the record where Gupta indicated this issue was preserved for appeal, see Rule 5A:20(c), and we have found no instance in which this issue was raised, directly or indirectly. While it is true Gupta's attorney argued that he wanted to question the breathalyzer operator and wanted to have him testify, he made no claims that Gupta's constitutional or statutory rights were violated by the failure to require the operator's appearance pursuant to the subpoena the prosecutor issued.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Applying this rule, we have consistently held that the Court of Appeals will not consider an argument on appeal which was not presented to the trial judge. See, e.g., Peake v. Commonwealth, 46 Va. App. 35, 42-43, 614 S.E.2d 672, 676 (2005); Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). Moreover, it is well settled that Rule 5A:18 applies to bar both statutory claims and constitutional claims. See, e.g., Walton v. Commonwealth, 255 Va. 422, 427 n.2, 497 S.E.2d 869, 872 n.2 (1998); West v. Commonwealth, 43 Va. App. 327, 336-37, 597 S.E.2d 274, 278 (2004); Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).  Therefore, Gupta's argument that her constitutional and statutory rights were violated, which is raised for the first time on appeal, is barred by Rule 5A:18.

To the extent that Gupta generally claims she was prejudiced by the unavailable witness, the trial judge did not err in rejecting that claim.  See Dean v. Commonwealth, 30 Va. App. 49, 57, 515 S.E.2d 331, 335 (1999) (holding that the prosecutor's release of the witness was not prejudicial because the defendant could have subpoenaed the witness).

B.

Gupta next contends the trial judge abused his discretion "by denying [her] a continuance or adjournment of the bench trial to obtain the appearance of the breathalyzer operator."

"Whether a continuance should be granted or denied is a matter within the sound discretion of the trial court, and a decision . . . will not be disturbed on appeal in the absence of a showing that the discretion has been abused."  Thomas v. Commonwealth, 244 Va. 1, 13, 419 S.E.2d 606, 613 (1992); see also Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994).  Trial judges should grant continuances requested during the trial "only upon a showing that to proceed with the trial would not be in the best interest of justice."  Rule 7A:14(d).  Indeed, a trial judge cannot deny a motion for a continuance if doing so will "prejudice a defendant's right to a fair and impartial trial or deprive him of his constitutional right 'to call for evidence in his favor.'"  Cardwell, 248 Va. at 508-09, 450 S.E.2d at 151 (quoting Va. Const. art. I, § 8).  To prevail on appeal, a defendant must show that the denial of a continuance caused prejudice.  Id. at 509, 450 S.E.2d at 151 (holding that a defendant's "need to investigate and evaluate the evidence and the prejudice allegedly resulting from the denial of a continuance cannot be based upon mere speculation").

The record establishes that the following exchange occurred between the trial judge and Gupta's attorney:

> [JUDGE]: Well, the Defense, you had continued the case from November 3rd of '04 to today's date, did you not, without objection by the Commonwealth.
>
> [ATTORNEY]: I believe that was our request, Your Honor. If you want me to check on it --
>
> [JUDGE]: It was. I think you've had time. But what were you asking the Court to do? Let's cut to the chase here.
>
> [ATTORNEY]: If Your Honor please, what I would -- I don't have a proper motion to dismiss the case for that reason.
>
> [JUDGE]: I don't think so.
>
> [ATTORNEY]: Now, if the Court thinks I do, I'll make that motion but I didn't think you would.
>
> I would merely say -- and it may depend upon where we go with the rest of this evidence *but if I have a need to continue, I would just ask for a separate time to have that person testify.*

(Emphasis added).

The record indicates that Gupta's attorney never made a later request for either a continuance or a separate time to examine the breathalyzer operator. Thus, the record does not establish an abuse of discretion by the trial judge.

C.

Gupta also contends the trial judge "erred in admitting the . . . certificate [of analysis] into evidence, as an exception to the hearsay rule in the absence of the breathalyzer operator whom the Commonwealth unilaterally excused from appearing at trial."

The record does not reflect that a hearsay objection was made to the admission of the certificate of analysis. Accordingly, this issue was not properly preserved for appeal and is barred by Rule 5A:18.

D.

Gupta further contends she was prejudiced by the trial judge's "ruling to foreclose significant cross-examination of Officer Salter on important aspects relating to obtaining a breath sample of Ms. Gupta."

During cross-examination Officer Salter testified about the breath testing procedure and said Gupta had to wait twenty minutes before taking a breath test "to let the mouth alcohol leave the mouth so you have no mouth alcohol present." He also explained that "when you take the Intoxilyzer test, you have to blow into it two or three times." On re-direct examination, the prosecutor asked Officer Salter, "What's the readout when there's mouth alcohol?" Officer Salter testified that the machine would display an "invalid sample" code. On re-cross examination, Gupta's attorney asked:

> Q: You don't know the reason what it was, if it was an invalid sample or the machine wasn't operating correctly or anything like that; do you?
>
> A: Excuse me?
>
> Q: You don't know that it was an invalid sample, if what happened was the second time blowing through the machine was done. You don't know the reason at all; do you, because she --

The prosecutor objected that the question went beyond the scope of the re-direct examination. Gupta's attorney responded, "But she asked him, your Honor." The trial judge sustained the objection.

The scope of the cross-examination is "'left largely to the sound discretion of the trial court; and the rule is well established that an appellate court will not interfere, unless that discretion has been plainly abused.'" Russell v. Commonwealth, 261 Va. 617, 621, 544 S.E.2d 311, 313 (2001) (quoting Spruill v. Commonwealth, 221 Va. 475, 485, 271 S.E.2d 419, 425 (1980)). "[I]n this Commonwealth, the cross-examination of a witness is limited to matters

elicited on direct examination." Smith v. Irving, 268 Va. 496, 501, 604 S.E.2d 62, 65 (2004) (citing Duncan v. Carson, 127 Va. 306, 318, 103 S.E. 665, 668 (1920)).

Gupta's counsel may have been attempting to ask if Officer Salter knew whether the machine was functioning correctly, saw the machine display "invalid sample," knew why the machine displayed an invalid sample, or something else entirely. The rephrasing of the question to suggest a second test is even more perplexing because there was no evidence in the record that the technician tested Gupta twice. In fact, when questioned by Gupta's attorney on cross-examination, Officer Salter testified that he did not remember two separate tests and that, if there had been a second test, "it would be noted."

Based upon the nature of the questions on re-cross examination and their implication of facts not in evidence, we cannot say the trial judge erred in ruling the questions were not clearly within the scope of the re-direct examination.

At the conclusion of the evidence, the trial judge convicted Gupta of driving while intoxicated as a third offense committed within ten years. For the reasons we have given, Gupta has not demonstrated error. Therefore, we affirm the conviction.

Affirmed.