COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Powell
Argued at Alexandria, Virginia


ANTONIO KEITH LAPPEGARD

                                            MEMORANDUM OPINION[*] BY
v.         Record No. 2111-08-4                  JUDGE CLEO E. POWELL
                                               AUGUST 25, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Rossie D. Alston, Jr., Judge

Anna K. Livingston (The Law Offices of Yeager & Thelin, P.C.,
on briefs), for appellant.

Richard B. Smith, Special Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Antonio Keith Lappegard ("Lappegard") appeals his conviction for distribution of cocaine

in violation of Code § 18.2-248. He contends that the trial court erred in denying his motion to

dismiss, as the Commonwealth was barred from prosecuting him twice for the same offense.

Finding that Lappegard was prosecuted for two separate transactions that occurred on the same

day, we affirm.

BACKGROUND

On May 31, 2007, Special Agent Travis Dahmer ("Agent Dahmer") contacted Jeffrey

Adams ("Adams") to purchase drugs. At the time, Adams was unaware that Agent Dahmer

worked for the Virginia State Police. Adams then arranged to meet with Lappegard in order to

purchase crack cocaine. Agent Dahmer and Adams then drove to the arranged location.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon arrival, Adams got out of the car and proceeded to go behind some townhouses; Agent Dahmer, meanwhile, waited in the car. Adams met with Lappegard at approximately 1:30 p.m. and purchased $300 worth of crack cocaine. He then returned to the car and gave the drugs to Agent Dahmer. As Agent Dahmer and Adams left the area, Agent Dahmer noticed Lappegard exiting from behind the same townhouses where Adams had gone to purchase the crack cocaine.

Later on that evening, at approximately 11:05 p.m. Special Agent Michael Sponheimer ("Agent Sponheimer") and other officers went to arrest Lappegard based on the earlier transaction. Agent Sponheimer observed Lappegard in the parking lot of a Giant Food Store. Upon seeing the officers, Lappegard attempted to flee, but was eventually apprehended. A search subsequent to arrest revealed two bags of suspected crack cocaine and a bag of marijuana.

On August 6, 2007, the Prince William County grand jury rendered the following indictment:

> The Grand Jury for the 31st Judicial Circuit . . . charges that on May the 31st, 2007, in the aforesaid Judicial Circuit, the accused, Antonio Keith Lappegard, did knowingly and intentionally manufacture, sell, give, distribute or possess with intent to manufacture, sell, give, or distribute a Schedule I or II controlled substance, without authority, in violation of Virginia Code Section 18.2-248.

Lappegard was tried on December 10, 2007. At trial, Agent Sponheimer testified about the events surrounding Lappegard's arrest. Other than mentioning that a "cooperating witness" had made a purchase from Lappegard earlier in the day, Agent Sponheimer's testimony focused solely on Lappegard's arrest and subsequent search. The Commonwealth then sought to enter the certificate of analysis showing that the evidence seized from Lappegard was crack cocaine. Lappegard objected, noting that the certificate of analysis had not been filed with the circuit court seven days prior to the trial date as required by Code § 19.2-187. The trial judge sustained

the objection.  As the Commonwealth could not prove the items seized from Lappegard were crack cocaine, Lappegard's subsequent motion to strike was granted.

On March 3, 2008, the Prince William County grand jury rendered an indictment identical to the first.  Lappegard subsequently filed a motion to dismiss on double jeopardy grounds.  At a hearing held on May 30, 2008, the Commonwealth argued that the "[t]he indictments are identical in that they contain the same verbiage, but . . . there were two separate and distinct transactions."  Agreeing with the Commonwealth, the court denied the motion to dismiss.

Lappegard was tried on the second indictment on June 2, 2008.  The evidence presented by the Commonwealth related only to the sale of crack cocaine to Adams.  Lappegard was subsequently found guilty and appeals.

ANALYSIS

Citing principles of double jeopardy, Lappegard argues that the December 10, 2007 dismissal barred the subsequent prosecution of any violations of Code § 18.2-248 he may have committed on May 31, 2007.  "The Double Jeopardy Clause [of the United States Constitution] 'protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.'"  Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).

Lappegard initially argues that, under Blockburger v. United States, 284 U.S. 299 (1932), once jeopardy attached to the first indictment, it attached to all violations of Code § 18.2-248 he may have committed on May 31, 2007.  In Blockburger, the United States Supreme Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or

- 3 -

only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. Stated differently, the Blockburger test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' [sic] and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993).

Lappegard's argument focuses on the fact that, because he was charged under the same statute in both trials, the second prosecution necessarily fails the Blockburger test. However, "if the same act or transaction was not involved in the two offenses, Blockburger does not bar the subsequent prosecution." Peake v. Commonwealth, 46 Va. App. 35, 40, 614 S.E.2d 672, 675 (2005). See also Roach v. Commonwealth, 51 Va. App. 741, 748, 660 S.E.2d 348, 351 (2008) ("The Double Jeopardy Clause is not abridged if an accused is subjected to punishment for two offenses that are supported by separate and distinct acts."). Furthermore, this Court has previously held that "a defendant may be charged with multiple violations of Code § 18.2-248, when the drug transactions occur at separate times." Dingus v. Commonwealth, 23 Va. App. 382, 388, 477 S.E.2d 303, 306 (1996).

Lappegard concedes that the December 10, 2007 trial and the June 2, 2008 trial involved separate acts. Accordingly, the Blockburger test is inapplicable to the present case.

Lappegard next contends that the first indictment was so broad, that evidence presented of either transaction could have been used to convict him at that December 10, 2007 trial. Thus, according to Lappegard, because the indictment allowed for evidence of either transaction to be presented, jeopardy attached for both transactions as soon as the first witness was sworn in the December 10, 2007 trial.

Lappegard's argument rests upon the Commonwealth's failure to proactively file a bill of particulars, even though it was under no obligation to do so. It is well established that a bill of

particulars "is relief available to an accused, at the discretion of the court, to supplement a charging instrument which fails to 'fully and clearly set forth all the material elements of the offense.'" Raja v. Commonwealth, 40 Va. App. 710, 723, 581 S.E.2d 237, 243 (2003) (quoting Sims v. Commonwealth, 28 Va. App. 611, 619-20, 507 S.E.2d 648, 652-53 (1998)). "The purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more." Hevener v. Commonwealth, 189 Va. 802, 814, 54 S.E.2d 893, 899 (1949). Furthermore, "[a] defendant is not entitled to a bill of particulars as a matter of right."

Lappegard relies heavily upon Powell v. Commonwealth, 267 Va. 107, 590 S.E.2d 537 (2004), for the proposition that, where two indictments are identical, once jeopardy attaches to one charge, it applies to both charges, unless the Commonwealth files a bill of particulars. In Powell, the defendant was tried for a second time on one count of capital murder. His first conviction of capital murder had been overturned in light of the fact that the Commonwealth could not prove that the aggravating factor, the rape or attempted rape of the victim's sister, occurred prior to the murder of the victim. The Supreme Court reversed the conviction and remanded the case for "a new trial on a charge of no greater than first degree murder." Id. at 117, 590 S.E.2d at 543. The defendant then sent a letter to the prosecuting attorney, describing in detail his actions on the day of the murder, and revealing his attempted rape of the victim. The Commonwealth subsequently re-indicted and convicted the defendant for capital murder, with the aggravating factor being the attempted rape of the victim, rather than her sister. The Supreme Court upheld the conviction, despite the defendant's double jeopardy claim, finding that the indictments, although identical, related to different crimes. The Supreme Court held that

> where, prior to the attachment of jeopardy, the Commonwealth
> limits the prosecution of a capital murder, undifferentiated in the
> indictment by the identity of the victim of the gradation offense, by
> naming a specific victim of the gradation offense in a bill of

> particulars, jeopardy will attach only to the capital murder charge
> as made specific by the bill of particulars.

Id. at 135, 590 S.E.2d at 554.

Lappegard argues that like Powell, the indictments in the present case are the same. He notes that there are "no distinguishing factors such as the type of violation of [] Code § 18.2-248, time of transaction, persons involved, or, [sic] location of the offenses." According to Lappegard, this indicates that both indictments "cover all narcotic trafficking allegedly performed" by him on May 31, 2007. Furthermore, Lappegard argues that, unlike Powell, the Commonwealth did not file a bill of particulars to limit its prosecution of the first indictment to a specific event or transaction. Thus, according to Lappegard's reading of Powell, because the Commonwealth failed to limit its indictment to a specific event or transaction, once jeopardy attached to the first indictment, it attached to all similar acts he committed on May 31, 2007. We disagree.

We find Lappegard's reliance on Powell is misplaced. The significance of the double jeopardy analysis in Powell is the Supreme Court's recognition that the two indictments related to separate crimes because the gradation offenses related to two separate victims. While Powell makes clear that the vehicle which identified the separate victims in that case was a bill of particulars, we do not read it to hold that, in every case where the wording of the indictments is identical, the Commonwealth must proactively file a bill of particulars in order to prevent double jeopardy from attaching to every separate transaction that might be covered by the terms of the indictments.

In this case, given Lappegard's argument, in order to survive a double jeopardy challenge, all of the offenses must arise out of a different act or transaction. See, e.g., Peake, 46 Va. App. at 40, 614 S.E.2d at 675. In the present case, it is uncontested that all parties were aware at all stages of the proceedings that there were two transactions that occurred on the same

date, in different locations, at different times, involved different drugs, which in turn led to separate certificates of analysis. Furthermore, although Lappegard could have moved for a bill of particulars and required the Commonwealth to state the specific facts regarding the crime for which he was to be tried on December 10, 2007, he failed to do so. Accordingly, we hold that the December 10, 2007 dismissal did not bar Lappegard's subsequent prosecution because the December 10, 2007 trial and the June 2, 2008 trial involved separate acts and transactions.

<u>CONCLUSION</u>

For the foregoing reasons, we affirm Lappegard's conviction.

<u>Affirmed.</u>