## Richmond

JOSÉ ANGEL LUGO v. EDWIN D. JOY, JR.

June 10, 1974.

Record No. 730612.

Present, All the Justices.

*Carl M. Hall (Louis B. Fine; Howard I. Legum; Fine, Fine, Legum & Fine,* on brief), for plaintiff in error.

*Lawson Worrell, Jr. (Gerard P. Rowe; Williams, Worrell, Kelly & Worthington,* on brief), for defendant in error.

I'Anson, J., delivered the opinion of the court.

Plaintiff, José Angel Lugo, instituted this action against the defendant, Dr. Edwin D. Joy, Jr., to recover damages for personal injuries allegedly caused by defendant's dental malpractice. Judgment for the defendant was entered on the jury's verdict, and the plaintiff is here on a writ of error to the judgment.

Plaintiff contends the trial court erred (1) in refusing to allow into evidence several experimental x-ray pictures taken by plaintiff's expert witness, and (2) in restricting plaintiff's

counsel in his cross-examination of the defendant and in his argument before the jury concerning a cut or altered x-ray picture.

The evidence shows that plaintiff, complaining of pain in some of his teeth, first saw the defendant on January 14, 1970, at which time the defendant took x-ray pictures of plaintiff's teeth. After viewing the pictures, defendant advised plaintiff that all of his upper and some of his lower teeth, including plaintiff's impacted lower right third molar, should be removed since most of them were diseased. Plaintiff consented to have the operation, and before oral surgery defendant told plaintiff that for a while after the operation he would experience paresthesia, a loss of sensation, in his lower lip.

In the latter part of January 1970 defendant extracted plaintiff's diseased teeth. Subsequent to this operation plaintiff experienced paresthesia in his lower lip near the area where the lower right third molar had been. Since the paresthesia did not eventually disappear, defendant performed an exploratory operation in July of 1970 in an attempt to free or decompress the nerve causing the numbness. This operation revealed a neural mass obstructing the root canal of the lower right third molar, and defendant removed the mass.

Nevertheless, plaintiff still suffered from paresthesia after the second operation, and in July 1971 he underwent still another exploratory operation by the defendant which was also unsuccessful in relieving the numbness.

Plaintiff's expert witness, Dr. Donald C. Reynolds, a professor of oral surgery from the Georgetown University School of Dentistry, testified concerning two x-ray pictures of plaintiff's teeth which were taken by the defendant. One picture, which was taken on May 11, 1970, revealed an opaque area in the corner of the picture. Reynolds stated that, in his opinion, the image was produced by a broken dental burr left in plaintiff's jaw after oral surgery. He said the x-ray taken by the defendant on March 16, 1971, had been cut to exclude the showing of the opaque area. He further said that although he had previously examined that x-ray picture, which had been in his possession for some time prior to the trial, he had not noticed it had been cut until the morning of the trial.

Dr. Reynolds proffered several posed x-ray pictures he had taken of a human skull in which he had placed a broken dental

burr in the jawbone in approximately the same anatomical region as shown on the May 11th x-ray taken by defendant. Upon objection, the court refused to admit these x-ray pictures as demonstrative evidence.

The defendant testified that he did not leave a dental burr in defendant's jaw, and that the opaque area in the corner of the May 11th x-ray resulted from a clip on the x-ray film. He said that a dental burr would show on an x-ray picture but it was only one of many possible causes for the opaque image on the May 11th picture. He denied having any knowledge that the March 16, 1971, x-ray picture had been cut or altered before Dr. Reynolds made the statement during his testimony.

Dr. R. B. Whitmore, testifying on behalf of the defendant, also stated that a dental burr would show on an x-ray picture but it was only one of many possible causes for the opaque image on the May 11, 1970, x-ray picture.

The record shows that there was extensive pre-trial discovery and that the trial court ordered the defendant to deliver to plaintiff's counsel all x-ray pictures he had taken of the plaintiff. Plaintiff's counsel then delivered them to Dr. Reynolds for examination.

The plaintiff argues that the trial court erred in not allowing into evidence the posed x-ray pictures taken by Dr. Reynolds. We disagree with this contention.

A ruling on the admission or rejection of an x-ray picture, as in the case of an ordinary photograph, is a matter that rests within the sound discretion of the trial court, and will be upheld by us in the absence of a clear showing that its discretion was abused. *See Wright* v. *Kelly,* 203 Va. 135, 141, 122 S.E.2d 670, 675 (1961); *Venable* v. *Stockner,* 200 Va. 900, 906, 108 S.E.2d 380, 384 (1959); 29 Am. Jur. 2d, Evidence, § 799 at 880.

The posed x-ray pictures taken by Dr. Reynolds were proffered to show that a broken dental burr would produce an opaque image similar to the one shown on the May 11, 1970, x-ray picture. But here the evidence is undisputed that a broken dental burr would show an opaque image in an x-ray picture. There is also evidence that a similar image would be produced from causes other than a broken dental burr. So it appears that the sole purpose of the posed x-ray pictures was to bolster Dr. Reynolds' opinion that the image on the x-ray picture taken by the defendant on May 11, 1970, shows

that a broken dental burr was left in plaintiff's jaw. Dr. Reynolds had testified in detail that the basis of his opinion was his interpretation of the May 11th x-ray picture, and the posed pictures were not necessary for the jury to have a clearer understanding of the basis for his opinion. Since no necessity was shown for the introduction of the posed x-ray pictures into evidence, the trial court did not abuse its discretion in ruling that they were inadmissible. *See* 29 Am. Jur. 2d, Evidence, § 794 at 874.

▮ We do not agree with plaintiff's argument that the trial court abused its discretion in restricting plaintiff's counsel in his cross-examination of defendant and in his argument before the jury as to the cause of the difference in the size of the x-ray picture taken on March 16, 1971, and plaintiff's other x-ray pictures.

Here all of plaintiff's x-ray pictures taken by the defendant had at some time prior to trial been in the possession of the defendant, his personnel, counsel for the plaintiff, Dr. Reynolds, and Dr. Reynolds' personnel.

Plaintiff was permitted to cross-examine defendant concerning his knowledge of the cut film. He said he had no knowledge that the March 16 x-ray picture had been cut until he heard Dr. Reynolds make the statement at trial. When the court advised counsel that it would not permit further cross-examination of the defendant on the question unless he could present evidence that the defendant was responsible for the alleged cutting of the x-ray picture, and that no argument would be allowed on the issue before the jury, no further evidence bearing on the question was presented by the plaintiff.

In light of the fact that plaintiff's x-ray pictures had been in the possession of persons other than the defendant for some time prior to trial and there was no evidence that the defendant was responsible for the alleged cut x-ray picture, the trial court did not abuse its discretion in placing the restrictions on plaintiff's counsel. Further inquiry on cross-examination and argument before the jury, without any available evidence pointing to the defendant as the person responsible for the alleged cutting or alteration of the x-ray picture, would have impermissibly allowed counsel and the jury to grope in the realm of speculation for an inference or inferences not supported by facts proved from the evidence presented. An inference cannot be founded on

another inference or a mere guess. *See Southern Ry. Co.* v. *Mays,* 192 Va. 68, 76, 63 S.E.2d 720, 725 (1951); *Va. Elec. & P. Co.* v. *Courtney,* 182 Va. 175, 184, 27 S.E.2d 917, 921 (1943).

For the reasons stated, the judgment of the court below is

*Affirmed.*