COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder, Frank, Humphreys, Clements, Kelsey, McClanahan,
        Haley, Petty and Beales
Argued at Richmond, Virginia


APRIL NICOLE CORSARO

                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1269-05-2         JUDGE RANDOLPH A. BEALES
                                     NOVEMBER 6, 2007

COMMONWEALTH OF VIRGINIA


UPON REHEARING EN BANC

FROM THE CIRCUIT COURT OF MADISON COUNTY
Herman A. Whisenant, Jr., Judge Designate

Kevin E. Smith (Smith & Greene, P.L.L.C., on brief), for appellant.

Alice T. Armstrong, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted April Nicole Corsaro (appellant) of possession of cocaine and conspiracy
to distribute the same. Appellant asserts the trial court erred 1) in violating her constitutional right
to confront witnesses and 2) in denying her motion to strike the evidence on the conspiracy charge.
Agreeing with appellant on her second assignment of error, a divided panel of this Court reversed
appellant's conviction for conspiracy to distribute cocaine. Corsaro v. Commonwealth, No.
1269-05-2 (Va. Ct. App. Nov. 14, 2006). Upon granting the Commonwealth's petition for a
rehearing *en banc*, we stayed the mandate of the panel decision. After consideration from the full
Court and for the reasons that follow, we affirm appellant's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"Applying well-established principles of appellate review, we must consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below." Walker v. Commonwealth, 272 Va. 511, 513, 636 S.E.2d 476, 477 (2006). "That principle requires us to discard the evidence of the accused in conflict with that of the Commonwealth and to regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Guda v. Commonwealth, 42 Va. App. 453, 455, 592 S.E.2d 748, 749 (2004).

On April 14, 2004, Investigator Garry W. Harvey, a lieutenant with the Madison County Sheriff's Office and member of the Blue Ridge Narcotics Task Force, received a tip from a confidential informant about an impending drug transaction. Based on this information, officers from the task force proceeded to a 7-Eleven store off Route 29 in Madison County and awaited the arrival of a maroon Chevy Blazer, purportedly driven by a white female named April. Fauquier County Detective Timothy Chilton, a task force member, testified that he was familiar with both this woman, April Corsaro, and this particular maroon Blazer, since "[t]he individual that owned the vehicle had actually cooperated with the task force before on numerous occasions."

At approximately 10:00 p.m., a maroon Chevy Blazer arrived in the parking lot of the 7-Eleven. Officers surrounded the vehicle and detained the driver, whom Harvey and Chilton identified at trial as appellant. According to Harvey, appellant "made a voluntary statement at that point. She said, I'll do anything. I don't have it on me, but I'll take you to get it." Harvey advised her to remain quiet and administered the Miranda warnings.

Thereafter, according to Officer Harvey, appellant "advised [Harvey] that she had come out to deliver two hundred dollars ($200) worth of cocaine to a guy named Allen. She said --

stated that she didn't have the cocaine on her but she was going to pick up this Allen guy and take him to a guy by the name of J-Rock in Culpeper." Harvey testified that, through his "connection with the [narcotics] task force," he knew of a Jason Washington in Culpeper County who used the name "J-Rock." Harvey also recounted that officers found a beer can with ashes inside the Blazer and that appellant "advised [him] that she had smoked crack out of that can prior to arriving to 7-Eleven." A certificate of analysis introduced at trial confirmed the substance in the can was crack cocaine.

At trial, appellant interposed an objection during Harvey's testimony "to information he simply received from another individual." Appellant further argued that, "unless that individual's here to testify, I would object to the hearsay evidence." The trial court noted that the testimony would not be considered for its truth, but it would be admitted to show how Harvey proceeded.

At the close of the Commonwealth's case, appellant moved to strike the evidence on the conspiracy charge, arguing that there was "absolutely no evidence, whatsoever, that she met with, talked to, agreed with anybody about anything as far as any kind of drug transaction . . . other than a confession." The trial court denied the motion, stating

> there is sufficient corroboration that has been shown by the mere
> fact that, not only did she arrive in the vehicle at the time, the
> location, as was going to be indicated, but she had drugs in the car
> at that particular time, and she also stated that the drugs were there
> and she's used the drugs -- smoked the drugs from the can prior to
> coming there.

ANALYSIS

I.

In her first question presented, appellant contends "the trial court violated [her] Constitutional right to confront witnesses against her in allowing prosecution witnesses to testify about information that was provided to them by a confidential informant who was not present and

-3-

did not testify at the trial . . . ." Appellant, though, only offered a general hearsay objection to testimony concerning the confidential informant. That testimony was admitted for the limited purpose of describing the progression of events and the police officers' subsequent actions.

Appellant at no point during her trial alleged a violation of the Confrontation Clause. Pursuant to Rule 5A:18, "'The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.'" Peake v. Commonwealth, 46 Va. App. 35, 42-43, 614 S.E.2d 672, 676 (2005) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).[1] For that reason, our consideration of this issue is procedurally barred.[2]

## II.

Appellant framed her second question presented as follows: "Whether the trial court erred in denying [her] motion to strike the Commonwealth's evidence as to the conspiracy charge when it ruled that Appellant's confession was corroborated by the hearsay evidence of the confidential informant." At oral argument, appellant conceded that her statement to police constituted a full confession to the crime of conspiracy to distribute cocaine, and, consequently, only slight corroborative evidence was necessary to establish that confession's veracity. See Powell v. Commonwealth, 267 Va. 107, 145, 590 S.E.2d 537, 560 (2004) ("Although the

---

[1] While Rule 5A:18 allows exceptions "for good cause shown" or "to attain the ends of justice," appellant does not ask this Court to invoke either of those exceptions here. "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc).*

[2] Appellant argues that the words "unless that individual's here to testify" adequately preserved the Confrontation Clause issue. We reject that argument as the objection was presented as a simple hearsay objection and further note that appellant never sought a ruling from the trial court on a Confrontation Clause issue, as required by Rule 5A:18. See Singleton v. Commonwealth, 19 Va. App. 728, 735, 453 S.E.2d 921, 926 (1995) (noting that Rule 5A:18 applies to "even a constitutional question").

-4-

Commonwealth may not establish an essential element of a crime by the uncorroborated confession of the accused alone, 'only slight corroborative evidence' is necessary to show the veracity of the confession." (quoting Williams v. Commonwealth, 234 Va. 168, 175, 360 S.E.2d 361, 366 (1987))). Following this concession, appellant urged us to hold that the record contains absolutely no evidence that could corroborate her confession.

Appellant, in her question presented on this issue, challenges only the trial court's reliance upon hearsay evidence that described information supplied by the confidential informant. We agree with appellant that the trial court improperly considered this evidence, which was admitted not for its truth, but instead to show the progression of events. However, appellant failed, in her questions presented, to challenge the trial court's alternate holding on the corroboration issue, namely that appellant "had drugs in the car at that particular time, and she also stated that the drugs were there and she's used the drugs -- smoked the drugs from the can prior to coming there." In other words, appellant did not allege in her questions presented to this Court that the trial court erred in finding that the physical evidence seized from appellant's vehicle provided the slight evidence necessary to corroborate the veracity of her full confession, nor did she dispute that either Officer Harvey's prior knowledge of "J-Rock" as Jason Washington of Culpeper County or Officer Chilton's familiarity with her and the vehicle she was driving could supply the slight corroboration needed.

We hold that "appellant's 'failure to address one of the [trial court's alternate] holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). See also Rule 5A:12(c) ("Only questions presented in the petition for appeal will be noticed by the Court of Appeals."). "That said, we still must satisfy ourselves that the alternative holding is indeed one that (when properly

applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision." Id. Given that only slight evidence is needed to establish the veracity of appellant's full confession, we find that the trial court's alternate holding could independently satisfy that legal standard. Consequently, we find appellant's failure to assign error to the trial court's alternate holding in her question presented, or even to include a general allegation that the record does not contain the slight evidence necessary to corroborate her confession, is dispositive of this issue.

## IV.

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.

# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*  **13th**  *day of*  **February, 2007**.

April Nicole Corsaro,                                                                                          Appellant,

 against                        Record No. 1269-05-2
                                      Circuit Court Nos. CR4146 and CR4147

Commonwealth of Virginia,                                                                                Appellee.


Upon a Petition for Rehearing En Banc

Before the Full Court


On November 28, 2006 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on November 14, 2006, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on November 14, 2006 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

Notwithstanding the provisions of Rule 5A:35, the following briefing schedule hereby is established:  Appellant shall file an opening brief upon rehearing *en banc* within 21 days of the date of entry of this order; appellee shall file an appellee's brief upon rehearing *en banc* within 14 days of the date on which the opening brief is filed; and appellant may file a reply brief upon rehearing *en banc* within 14 days of the date on which the appellee's brief is filed.  The appellant shall attach as an

addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. It is further ordered that the appellee shall file twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Clements and Beales
Argued at Richmond, Virginia


APRIL NICOLE CORSARO

v.        Record No. 1269-05-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
NOVEMBER 14, 2006

FROM THE CIRCUIT COURT OF MADISON COUNTY
Herman A. Whisenant, Jr., Judge Designate

Kevin E. Smith (Smith & Greene, P.L.L.C., on brief), for appellant.

Alice T. Armstrong, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


April Nicole Corsaro appeals her conviction for conspiracy to distribute a controlled

substance. She argues that the trial judge violated her constitutional right of confrontation,

impermissibly allowed the prosecutor to use evidence testimonially despite the trial judge's

earlier ruling limiting it to a non-assertive purpose, and erred in denying her motion to strike the

Commonwealth's evidence. We hold that the trial judge should have granted Corsaro's motion

to strike due to insufficient evidence to corroborate her confession. Thus, we reverse the

conviction.

I.

A grand jury indicted April Nicole Corsaro for possession of cocaine and conspiracy to

distribute cocaine. At trial, the prosecutor offered evidence to prove the police conducted

surveillance at a convenience store in response to information received from an informant.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Corsaro's attorney objected on the basis of hearsay to the testimony regarding the informant's statements. When the prosecutor told the trial judge that the statements explained why the police were at the convenience store, the trial judge allowed the evidence. A police officer then testified the members of a narcotics task force went to a specific convenience store due to an informant's report that a woman named April would arrive in a red or maroon Chevy Blazer to deliver cocaine valued at $200 to an individual.

When Corsaro arrived at the store in the maroon vehicle, the police drew their weapons and detained Corsaro. Detective Harvey testified "[s]he said, I'll do anything. I don't have it on me, but I'll take you to get it." After the detective advised Corsaro of her Miranda rights, she made the following statement:

> She advised me that she had come out to deliver two hundred dollars ($200) worth of cocaine to a guy named Allen. She said . . . she didn't have the cocaine on her but she was going to pick up this Allen guy and take him to a guy by the name of J-Rock in Culpeper, who we know a J-Rock to be a guy by the name of Jason Washington and he lived in Culpeper County.

The detective explained that he knew of Washington through the narcotics task force.

In the vehicle, police found a beer can that had been fashioned into a smoking device. The can had cocaine residue. Corsaro admitted that she had used it to smoke cocaine prior to her arrival at the store.

At the conclusion of the Commonwealth's evidence, Corsaro moved to strike the evidence on the conspiracy charge. The trial judge denied the motion, citing as "sufficient corroboration . . . that . . . she arrive[d] in the vehicle at the time, at the location, as was going to be indicated, . . . she had drugs in the car at that particular time, and she also stated that the drugs were there and she's used the drugs . . . prior to coming there."

At the conclusion of the evidence, the jury convicted Corsaro of possession of a controlled substance and conspiracy to distribute a controlled substance. Corsaro's petition for appeal was granted only with regard to the conspiracy conviction.

II.

Corsaro argues no evidence in the record corroborated her confession and, therefore, the trial judge erred in not granting her motion to strike. The Commonwealth responds that five different pieces of evidence corroborate the existence of an agreement between Corsaro and Jason Washington to distribute cocaine: Corsaro's presence as foretold by the informant, her confession, her possession of a cocaine-smoking device, a police officer's familiarity with Washington's name, and a police officer's familiarity with the vehicle that Corsaro drove.

The following principle is well settled in Virginia:

> The material fact in every criminal prosecution is the corpus delicti. Proof of the charge, in criminal causes, involves the proof of two distinct propositions; first, that the act itself was done; and secondly, that it was done by the person charged.

Smith v. Commonwealth, 62 Va. (21 Gratt.) 809, 813 (1871); see also Maughs v. City of Charlottesville, 181 Va. 117, 120, 23 S.E.2d 784, 786 (1943) (reversing a conviction where the evidence did not prove the *corpus delicti*). It is equally "'settled in this State that the *corpus delicti* cannot be established by the extra judicial confession of an accused uncorroborated by other evidence.'" Phillips v. Commonwealth, 202 Va. 207, 211, 116 S.E.2d 282, 285 (1960) (quoting Wheeler v. Commonwealth, 192 Va. 665, 669, 66 S.E.2d 605, 607 (1951)). To obtain a conviction upon the accused's extrajudicial confession, the evidence "must corroborate the elements of the *corpus delicti*." Roach v. Commonwealth, 251 Va. 324, 344, 468 S.E.2d 98, 110 (1996), overruled in part on other grounds by Morrisette v. Warden of the Sussex I State Prison, 270 Va. 188, 613 S.E.2d 551 (2005). Indeed, as the Supreme Court has noted, "'[t]he confession must be corroborated in a material and substantial manner by evidence aliunde of the *corpus*

- 3 -

*delicti*.'" Phillips, 202 Va. at 211, 116 S.E.2d at 284 (citation omitted). In other words, there must be evidence from a source other than the confession that the crime was a real event and not merely the product of the accused's imagination or fantasy.

This appeal concerns Corsaro's conviction for "conspir[ing] . . . with one or more other persons to manufacture, sell, give or distribute a controlled substance . . . in violation of [Code §] 18.2-248." The definition of "'[c]onspiracy is an agreement between two or more persons by some concerted action to commit an offense.'" Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937). To establish a conspiracy to distribute a controlled substance, the "Commonwealth ha[s] to prove beyond a reasonable doubt that an agreement existed . . . to distribute drugs." Reed v. Commonwealth, 213 Va. 593, 594, 194 S.E.2d 746, 747 (1973). The existence of an agreement to distribute a controlled substance is the essence of the offense. See Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991) (reversing the conspiracy conviction when the other parties to the alleged agreement never intended to actually distribute drugs).

Opposing Corsaro's motion to strike, the prosecutor suggested that Corsaro's arrival at the location in Madison County where an informant told the officers she would be corroborated her confession. The prosecutor argued Corsaro arrived where the officers "expected her to be" and at the time the officers "had expected." On appeal, the Commonwealth again argues that "the jury could reasonably infer from [Corsaro's] presence at the appointed time and place that Corsaro had agreed . . . to facilitate or participate in the sale of crack cocaine." The trial judge ruled, however, the evidence from the police officers regarding the informant's statements was admissible only for a limited purpose. Indeed, the trial judge permitted the evidence after the prosecutor indicated it was offered only to "stat[e] what [the officers] were doing, why they were there, and what they were looking for." The trial judge later reiterated that the evidence was

- 4 -

admitted "not for the truth of what it is but for the reason [the detective] did what he did at that time." See Fuller v. Commonwealth, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960) (holding that evidence that is otherwise hearsay may be admitted for the limited purpose of explaining the conduct of police officers); Speller v. Commonwealth, 2 Va. App. 437, 446, 345 S.E.2d 542, 548 (1986) (noting that a limitation to proof of a fact and not the truth of an assertion renders evidence non-hearsay). In view of this limitation, any consideration of the truth of the matters asserted by the informant to corroborate Corsaro's confession would be an impermissible use of the evidence as testimonial evidence. See Donahue v. Commonwealth, 225 Va. 145, 151-52, 300 S.E.2d 768, 771-72 (1983) (noting that the limitation on the use of hearsay evidence was improperly disregarded).

Second, the Commonwealth asserts that statements in Corsaro's confession corroborate her confession. Noting that Corsaro spontaneously said, "I'll do anything. I don't have it on me but I'll take you to get it," and that the "confession contained an explanation for her presence . . . at that location," the Commonwealth argues the jury could infer that Corsaro "knew why the police stopped her" and could further infer that Corsaro "had agreed . . . to facilitate or participate in the sale of . . . cocaine." Simply put, this argument runs counter to the Supreme Court's holding that the confession must be corroborated from another source. Phillips, 202 Va. at 211, 116 S.E.2d at 284. Corsaro's confession is not evidence aliunde, evidence from another source. The notion that the Commonwealth can use the confession itself to corroborate the confession defies both logic and this state's well-settled principles.

Third, the Commonwealth posits the confession was corroborated by Corsaro's possession of a beer can, which had been improvised to use as a smoking device and contained cocaine residue. The Commonwealth contends that this evidence supplies a basis upon which the jury could draw the "inference that Corsaro agreed to participate in the drug sale in order to

- 5 -

feed her own drug habit." The principle is well established, however, that a jury cannot "grope in the realm of speculation for an inference or inferences not supported by facts proved from evidence presented." Lugo v. Joy, 215 Va. 39, 42, 205 S.E.2d 658, 661 (1974). Corsaro's possession of a can fashioned into a smoking device only tended to establish that she was a user of cocaine. This was the basis upon which the jury convicted her of possession of cocaine, but it proved nothing about an agreement to distribute cocaine. The inference the Commonwealth supports could only have arisen if the jury impermissibly engaged in speculation and conjecture.

Fourth, the Commonwealth relies upon Detective Harvey's testimony that he learned of Washington's name through his connection with a narcotics task force. The Commonwealth asserts that the "jury could reasonably infer from this testimony Corsaro had, in fact, agreed with [Washington] to participate in the proposed sale of cocaine." Yet, the detective testified only that he knew "a J-Rock to be a guy by the name of Jason Washington and he lived in Culpepper County" and that he knew Washington through his work on the narcotics task force. The conclusion that the Commonwealth asserts required the jury to speculate that only one person was known as "J-Rock" in Culpeper County. More importantly, the detective's awareness of Washington through the task force does not lead to the conclusion that Washington was involved with the illegal distribution of drugs. His knowledge of Washington through the task force is just as consistent with Washington being engaged in innocent conduct as with criminal activities. See Phillips, 202 Va. at 212, 116 S.E.2d at 285 (holding that the truth of the confession is not fortified by facts "just as consistent with non-commission of the offense as . . . with its commission"). For instance, if Washington worked in the task force office as a custodian or secretary, or if he delivered supplies or mail to the office, the detective would still know of him through his connection with the narcotics task force. The detective's testimony merely suggested a myriad of possibilities, requiring the jury to engage in pure speculation. Inferences cannot be

- 6 -

founded upon mere guesswork. <u>Lugo</u>, 215 Va. at 41-42, 205 S.E.2d at 661; <u>see also</u> <u>Holland v. Commonwealth</u>, 190 Va. 32, 39-40, 55 S.E.2d 437, 440-41 (1949) (reversing a conviction where it was based on unwarranted presumptions of fact).

Fifth, the Commonwealth contends corroboration of the *corpus delicti* was provided by Detective Chilton's testimony that he was familiar with the vehicle Corsaro was driving because the vehicle's owner had "cooperated with the [narcotics] task force . . . on numerous times." The Commonwealth argues the jury could infer from this testimony "that the [vehicle] was being used for an intended drug transaction." This argument likewise supposes that the jury could engage in speculation and conjecture about unproven allegations concerning the vehicle's owner and Corsaro's use of the vehicle. Furthermore, any inference drawn from the *cooperation* of the vehicle's owner with the police could not suggest the existence of an agreement between Corsaro and Washington to distribute cocaine. The best that could be said about this evidence as corroboration of a conspiracy is that it was "just as consistent with non-commission of the offense as it is with its commission." <u>Phillips</u>, 202 Va. at 212, 116 S.E.2d at 285 (reversing convictions where one defendant's possession of the co-defendant's car did not sufficiently corroborate a sodomy confession).

In summary, to provide the requisite evidentiary corroboration of Corsaro's confession, the Commonwealth relies on the impermissible use of hearsay to prove the truth of the matter asserted, and on speculation and conjecture. Simply put, the evidence corroborating the *corpus delicti* was not sufficient to take the jury "'out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference.'" <u>Atrium Unit Owners Assoc. v. King</u>, 266 Va. 288, 294, 585 S.E.2d 545, 548 (2003) (quoting <u>Beale v. Jones</u>, 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970)). Thus, the evidence was not sufficient to sustain a conviction based upon Corsaro's extrajudicial confession. <u>Dunn v. Commonwealth</u>, 222 Va. 704, 705-06, 284 S.E.2d 792, 793

(1981) (holding that a verdict "based only upon speculation and conjecture . . . cannot be permitted to stand").  For these reasons, we hold that the Commonwealth's evidence did not corroborate the element of agreement of the *corpus delicti.*  Thus, the trial judge erred in not granting Corsaro's motion to strike the evidence.  Because this holding is dispositive, we do not need to address the other questions Corsaro raises on appeal.  Accordingly, we reverse the conviction for conspiracy to distribute a controlled substance.

<u>Reversed and dismissed.</u>

Beales, J., dissenting.

Because I disagree with the majority's conclusion that the record does not contain the *slight* corroborative evidence necessary to substantiate appellant's full confession to the conspiracy to distribute cocaine charge, I respectfully dissent.[1]

Generally, "if the accused has fully confessed that he [or she] committed the crime, then *only slight corroboration of the confession* is required to establish [the] *corpus delicti* beyond a reasonable doubt."  Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999) (emphasis added).  "The confession is itself competent evidence tending to prove the *corpus delicti*, and all that is required of the Commonwealth in such a case is to present evidence of such circumstances as will, when taken in connection with the confession, establish the *corpus delicti* beyond a reasonable doubt."  Watkins v. Commonwealth, 238 Va. 341, 349, 385 S.E.2d 50, 54 (1989) (citation omitted).  In other words, "'the *corpus delicti* need not be established by evidence independent of the confession, but may be established by both.'"  Aldridge v. Commonwealth, 44 Va. App. 618, 651, 606 S.E.2d 539, 555 (2004) (quoting Reid v. Commonwealth, 206 Va. 464, 468, 144 S.E. 2d 310, 313 (1965)).

Moreover, and as the Virginia Supreme Court further explained in Powell v. Commonwealth, 267 Va. 107, 145, 590 S.E.2d 537, 560 (2004), "[a]lthough the Commonwealth may not establish an essential element of a crime by the uncorroborated confession of the accused alone, 'only slight corroborative evidence' is necessary to show the veracity of the

---

[1] Though not addressed by the majority, appellant also argues that "the trial court violated [her] Constitutional right to confront witnesses against her in allowing prosecution witnesses to testify about information that was provided to them by a confidential informant who was not present at the trial . . . ."  However, appellant did not offer an objection to the trial court that alleged any violation of her Sixth Amendment right to confront witnesses against her.  Instead, she offered a general hearsay objection to testimony concerning the confidential informant.  For that reason, I would hold that this Court cannot address this issue, as appellant has failed to comply with Rule 5A:18.

confession." (quoting Williams v. Commonwealth, 234 Va. 168, 175, 360 S.E.2d 361, 366 (1987), cert. denied, 484 U.S. 1020 (1988) (quoting Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), cert. denied, 469 U.S. 1230 (1985))).  Likewise, "if 'this corroborating evidence is consistent with a reasonable inference' that the accused committed the crime to which he has confessed, the Commonwealth need not establish through direct evidence those elements of the crime that are proven by the confession."  Id. (quoting Jackson v. Commonwealth, 255 Va. 625, 646, 499 S.E.2d 538, 551 (1998), cert. denied, 525 U.S. 1067 (1999)).  As Powell suggests, "'The purpose of the corroboration rule is to reduce the possibility of punishing a person for a crime which was never, in fact, committed.'"  Aldridge, 44 Va. App. at 650, 606 S.E.2d at 555 (quoting Jefferson v. Commonwealth, 6 Va. App. 421, 424, 369 S.E. 2d 212, 214 (1988) (additional citation omitted)).

On brief, appellant suggests that this "slight corroborating evidence" must be testimonial. However, as both cases from the Virginia Supreme Court and this Court make clear, "slight corroborating evidence" is not limited to testimonial evidence.  See Powell, 267 Va. at 145, 590 S.E.2d at 560 ("[T]he forensic evidence and direct testimony are consistent with and substantiate [the defendant's] version of 'the rest of what happened' in every respect."); Winston v. Commonwealth, 268 Va. 564, 613, 604 S.E.2d 21, 49 (2004) ("The circumstances of the crime scene, the DNA evidence relating to the handgun, the attempt to hide the handgun with a friend, and the testimony of Niesha all serve to corroborate Winston's confession . . . ."); Aldridge, 44 Va. App. at 650, 606 S.E.2d at 556 ("[C]ircumstantial evidence may be used to corroborate a full confession.").

As the majority notes, "In order to convict [appellant] of conspiring . . . to distribute a controlled drug, the Commonwealth had to prove beyond a reasonable doubt that an agreement existed between the [appellant and another] by some concerted action to distribute the drugs."

Johnson v. Commonwealth, 42 Va. App. 46, 57, 590 S.E.2d 75, 80 (2003). "Conspiracy requires . . . (1) an agreement between two or more persons, which constitutes the act; and (2) an intent thereby to achieve a certain objective[,] either an unlawful act or a lawful act by unlawful means." Hix v. Commonwealth, 270 Va. 335, 347, 619 S.E.2d 80, 87 (2005).

Here, several key facts exist, independent of the informant's tip, which substantiate appellant's confession. First, the task force seized a can with crack cocaine residue from appellant's vehicle; appellant admitted that she used that can to smoke crack prior to her arrival. The majority argues that this only proved that appellant was herself a user of cocaine. While crack cocaine residue on the can does indeed prove appellant possessed and used cocaine, the actual seizure of physical evidence with cocaine residue substantiates appellant's confession to using cocaine prior to her arrival. Stated another way, the presence of the can demonstrates not only the truthfulness of appellant's admission to using cocaine, but also the veracity of her entire confession.

Secondly, Inspector Harvey, through his work with the narcotics task force, knew of the alleged supplier appellant named in her confession, Jason Washington of Culpeper County. Harvey knew this individual used the street name, "J-Rock," by which appellant had referred to him. I respectfully submit that this information, the police's independent knowledge of the alleged drug supplier and his street name, supplies the minimal and slight evidence necessary to corroborate the confession. Though the majority says that Inspector Harvey might have known Washington ("J-Rock") because he could have possibly "worked in the task force office as a custodian or secretary, or if he delivered supplies or mail to the office," it is highly unlikely that Harvey was testifying about a custodian, secretary, or mail room attendant in the context of this criminal trial. That being said, I would leave that consideration for the jury as the trier-of-fact and sole judge of witness credibility in this matter.

Finally, Detective Chilton was already familiar with appellant and the maroon Blazer, because, as he testified, the owner of that "vehicle had actually cooperated with the task force before on numerous occasions." The majority maintains that this evidence would lead the jury to "engage in speculation and conjecture about unproven allegations." I would instead suggest that Chilton's knowledge of *both* appellant and the vehicle is consistent with a reasonable inference that appellant was involved in the impending drug transaction described in her confession, as the jury apparently found.

I respectfully submit that the record contains the slight evidence necessary to corroborate appellant's confession. Specifically, Inspector Harvey's knowledge of the person appellant alleged to be her supplier is "consistent with a reasonable inference" that appellant, as she confessed, had entered into an agreement and intended to distribute cocaine, i.e., a conspiracy to distribute. I would find that this and the *totality* of the other evidence, when taken in connection with the confession, would enable a reasonable fact finder to conclude beyond a reasonable doubt that appellant had entered into an agreement to distribute cocaine. I am, therefore, confident that the purpose of the corroboration rule -- avoiding the risk of punishing a defendant for a crime that he or she did not commit -- has been satisfied in this case. Thus, I must dissent.